Modesto Lopez v. The State.

No. 7002.   Decided June 7, 1922.

**1.—Burglary—Sufficiency of the Evidence.**

Where upon trial of burglary, the evidence of the accomplice was sufficiently corroborated, and was otherwise sufficient to support the conviction, there was no reversible error.

**2.—Same—Circumstantial Evidence—Charge of Court.**

Where the accomplice positively testified to the burglary it was unnecessary to charge upon circumstantial evidence. Following McKinley v. State, 48 Texas Crim. Rep., 405, and other cases.

**3.—Same—Accomplice—Charge of Court.**

Where there is any doubt as to the facts that a given witness is an accomplice and this issue is submitted to the jury, there is no reversible error. Following Bohannon v. State, 204 S. W. Rep., 1166 and other cases.

Appeal from the District Court of Uvalde. Tried below before the Honorable Joseph Jones.

Appeal from a conviction of burglary; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*L. Old,*.for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited cases in opinion.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Uvalde County of burglary, and his punishment fixed at four years in the penitentiary.

There is but one question presented in the record and that is the sufficiency of the evidence to support the conviction. Mr. H. H. White testified that he owned a store in the town of Sabinal, and that on the night named said store was entered through a window and a quantity of goods taken. The goods were described by kind and character. A codefendant by the name of Gonzales was allowed to turn State's evidence. He detailed an entry into the store in Sabinal about the time mentioned in the indictment, his description of the place and manner of entry and its surroundings as well as the goods taken by himself and associates, corresponding with the testimony of Mr. White. It was shown by a number of Mexican witnesses, whose testimony was placed before the jury by means of an interpreter, that on the day following that fixed by Gonzales as being the one on which

he and his companions by burglary entered said store and took therefrom the property described by him, the entire party, carrying the stolen property in a sack, went from Sabinal to Cline in a car. Several witnesses who were not shown to have any character of guilty connection with the alleged stolen property, testified substantially to the fact that the party of Mexicans, including appellant and Gonzales, which came to Cline on that day, brought with them an oat sack containing a number of pairs of new shoes, together with army clothing, socks and other articles corresponding in description with that given by Mr. White of the porperty taken from his store at the time of said burglary. The testimony of these witnesses is not as clear and pointed as it might have been had they been other than foreigners, whose testimony was of necessity through an interpreter. It was shown that appellant was one of the party carried in said car with Gonzales down to Cline. It was shown further that the members of said party endeavored to sell some of the articles contained in said oat sack during the day spent by them at Cline. The contents of said sack was left by them with some Mexicans in Cline with instructions to sell same for what they could get and account to appellant and his party for the money.

It is insisted that this evidence does not sufficiently corroborate the accomplice. We find ourselves unable to agree with this contention. The possession of recently stolen property is held to be sufficient to justify a conviction for theft or burglary. We regard it as well settled that the accomplice can be corroborated by circumstances, and in our opinion the unquestioned connection of appellant with Gonzales, and the possession of the property which Gonzales testified he, appellant and others had acquired by burglarizing said store, appears in the record.

The accomplice having testified positively to the burglary, it was unnecessary to charge upon circumstantial evidence. Wampler v. State, 28 Texas Crim. App., 353; McKinney v. State, 48 Texas Crim. Rep., 405; Tune v. State, 49 Texas Crim. Rep., 448; Johnson v. State, 72.Texas Crim. Rep., 387, 162 S. W. Rep., 512. Even though the only direct evidence appearing in the record of the fact that the accused was a party to a burglary comes from an accomplice witness, this obviates the necessity for a charge on circumstantial evidence. Barber v. State, 69 S. W. Rep., 516.

It appears to have been held many times by this court that where there is any doubt as to the fact that a given witness is an accomplice, and this issue is submitted to the jury for their determination, this is sufficient even though the evidence appears largely to preponderate in favor of the fact that such witness is an accomplice. Bohanan v. State, 84 Texas Crim. Rep., 8, 204 S. W. Rep., 1166; Chandler v. State, 82 Texas Crim. Rep., 309, 230 S. W. Rep., 1002. The court's charge on accomplice testimony is in line with approved charges. Branch's Ann. P. C., Sec. 709.

We have carefully considered the evidence in this case and are of opinion that it is sufficient to justify the conclusion reached by the jury that appellant was guilty. There are many expressions appearing in the testimony of the Mexican witnesses which require close scrutiny and careful analysis in order to appraise their value and pertinence, but we have been unable to bring ourselves to believe that the evidence fails to strongly tend to connect appellant with said burglary and to thus support the accomplice Gonzales.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*