Mike OLSEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 41076.

Court of Criminal Appeals of Texas.

Feb. 21, 1968.

Mike Beard, Waco, for appellant.

Martin D. Eichelberger, Dist. Atty., Tom T. Tatum, Asst. Dist. Atty., Waco, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is oral sodomy; the punishment, 7 years.

Trial was before the court on a plea of not guilty.

The sufficiency of the evidence to sustain the trial court's finding of guilt is challenged, the contention being that this case should be reversed because the state's sole evidence was given by the eleven year old boy who was one of the principals to the crime and appellant cannot be convicted on the uncorroborated testimony of an accomplice.

Appellant urges that the boy was an accomplice under the rule stated in Slusser v. State, 155 Tex.Cr.R. 160, 232 S.W.2d 727, as follows:

"We conceive the correct rule to be that as to a child witness:

"(1) Each case must be considered upon its own facts in determining whether the witness is to be considered a victim of the unlawful act of another or as a participant therein, and therefore an accomplice.

"(2) If inferences are to be indulged, the correct inference would be that a child over nine and under thirteen years of age possesses sufficient discretion and knowledge to be an accomplice.

"(3) If from the evidence, a question is raised as to whether the child between the ages of nine and thirteen years voluntarily participated in the criminal act, or as to whether such child, so participating, is possessed of sufficient discretion to know the act to be criminal, and to have the necessary criminal intent, such issue or issues should be submitted to the jury in order that the jury may, by resolving such issue, determine whether the witness is to be considered an accomplice witness.

"(4) If the record as a whole shows that the child witness has such discretion, and voluntarily participated in the unlawful act, then the testimony of the witness should be dealt with as that of an accomplice witness."

Appellant points to testimony of the boy that he voluntarily submitted to the act; that he offered no resistance; that he knew it was wrong and that the only reason he could give for having submitted to the act was that he was scared, and the testimony shows no basis for said fear.

The state's brief points to other testimony of the boy that he did not voluntarily participate in the occurrence; did not think that *he* was breaking our laws or doing wrong, and that he wanted to leave but appellant had locked the doors and he was afraid to go unlock them because he was scared that appellant might hurt him.

As we understand, the state's brief agrees that the conviction was based solely on the testimony of the boy who was eleven years old at the time of the act of oral sodomy, and argues:

"It is not the position of the appellee that the witness—is not an accomplice as a matter of law, but merely that he should not be considered as a matter of law to be an accomplice."

Fortunately we are not required to ferret out of the quotation the precise position of the state.

The further argument found in the state's brief reflects that the state's real contention is that the question of whether the boy was an accomplice was an issue of fact to be decided by the trier of the facts, which in this case was the trial judge, and had been resolved against appellant. In support of this contention the state's brief quotes from Slusser v. State, supra, cited by appellant, the rule which we deem applicable:

"If from the evidence, a question is raised as to whether the child between the ages of nine and thirteen years voluntarily participated in a criminal act, or as to whether such child, so participating, is possessed of sufficient discretion to know the act to be criminal, and to have the necessary criminal intent, such issue or issues should be submitted to the jury in order that the jury may, by resolving such issue, determine whether the witness is to be considered an accomplice witness."

The presumption is that the trial judge's rulings are correct.

We conclude that the evidence raised the issue of whether the boy was an accomplice under the above rule, and that such issue was decided in favor of the state by the trial court.

The judgment is affirmed.