Joe Bailey ALLEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 43216.

Court of Criminal Appeals of Texas.

Dec. 9, 1970.

Rehearing Denied Jan. 27, 1971.

Bobby D. Allen, Lubbock, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from a conviction for felony theft where the punishment was assessed at ten years' confinement in the Texas Department of Corrections.

Appellant asserts nine grounds of error.

J. O. Bass, Jr., testified that on February 24, 1968, a boat, motor and trailer of value far in excess of fifty dollars were taken without consent from his house in the city of Plainview while he was absent from home. His testimony was corroborated by a son-in-law who was living at the Bass home at the time. Months later Bass identified the boat and trailer returned from Oklahoma by law enforcement officers as the ones taken from him although the boat had undergone considerable alteration.

Wayne Dye testified while in Lubbock County jail late in 1967 he met a Curtis Whorton who told him if he wanted to "score" when he got out of jail to contact Whorton's brother, Buddy. Dye did so and through Buddy Whorton met the appellant Allen and the threesome entered into an agreement or arrangement to commit burglaries and thefts and to share equally in the proceeds from the sale of such stolen property provided each party actually participate in the particular crime. Information as to where and when to commit crimes was given to Buddy Whorton by his wife who worked for a telephone company and knew when certain people would be leaving town or absent from their homes, and similar information was obtained from a woman who operated a children's nursery in Lubbock. He related the conspiracy was profitable and the threesome would steal anything they "could get their hands on."

Dye related that just prior to February 24, 1968, an order for a specific type of boat and trailer was received from Jerry Edgman in Oklahoma City, Oklahoma, who was a brother-in-law of one of their "fences" in Lubbock. Unable to find the type of boat requested in Lubbock, Dye went to Plainview and located such a boat on a trailer in Bass' yard. Thereafter he and the appellant Allen returned to Plainview to scout the location, and later he, Buddy Whorton and the appellant made their plans to steal the boat and take it to Oklahoma City. On the appointed night Dye's wife would not permit him to depart with Whorton and the appellant and they left without him. When they returned from Oklahoma City they told Dye everything had gone all right with the theft of the boat and gave him some money he was due from another job.

Jerry Edgman testified that the appellant and Buddy Whorton appeared at his home at 7 a.m. on a Sunday morning with the boat, motor and trailer in question; that he then called Willie Arnett who operated a boat building service on a part time basis and that Arnett met them at approximately 8 a.m. and eventually agreed to purchase the equipment for $700 by paying $400 cash and agreeing to pay Edgman $300 at a later date. Edgman testified he had no knowledge of the theft, but "assumed" the boat, etc., was stolen. He received $100 for his part in the transaction.

Willie Arnett testified he worked on the same freight dock with Edgman, and that when Edgman called he went to view the boat, etc. He related he agreed to pay $400 down and $300 later to Edgman and that he saw Edgman hand his $400 to Whorton and the appellant who had the boat and equip-

ment in their possession at the time. He acknowledged the equipment probably had a market value of $1,500.00 and that he did not get a title even though he had previously declined to purchase another boat from Edgman because there was no title. He stated he did not know the boat was stolen and would not have purchased the same if he had so known. He admitted that over a period of months he had made numerous alterations on the boat. After the officers had been led to Edgman by information received from Dye, Edgman brought them to Arnett who readily admitted the transaction, put all the equipment together and delivered the same to the Oklahoma Bureau of Investigation for the return to Texas.

■ Initially, appellant contends the court erred in overruling his motion in limine to preclude the State from offering any evidence as to extraneous transactions. The motion was presented without evidence and authority. In overruling the same the trial judge stated: "I will rule on the objections as the evidence comes in."

It is appellant's position that his rights were "brutalized" by the court's action in permitting the State to offer testimony as to extraneous transactions through the witness Dye. The alleged offense was shown to have been committed during the operation of the burglary and theft ring described by Dye and an examination of Dye's testimony reflects that any evidence of extraneous transactions was admitted on the issues of intent, identity, design, system, etc. In the court's charge such evidence was limited to the purpose for which it was admitted. We perceive no error.

■ Next, appellant claims error in the overruling of his objections to evidence of extraneous transactions "since it showed the commission of crimes by another party not on trial." This ground of error is apparently based on Dye's testimony that he and Buddy Whorton committed offenses in which the appellant played no part. The

appellant does not direct our attention to any complained of action of the court, and it is doubtful if the ground of error complies with Article 40.09, Sec. 9, Vernon's Ann.C.C.P. We do not find where Dye testified he and Whorton got drunk and decided to steal everything in a certain house which resulted in their arrest in August, 1968. To this testimony there was no objection. Subsequently on cross-examination the appellant elicited the fact that Dye had committed numerous burglaries as well as thefts with Whorton. Under such circumstances appellant is in no position to complain.

Appellant's further claim that the court erred in failing to grant a mistrial in view of the admitted evidence of extraneous transactions is without merit.

Grounds of error #1, 2 and 5 are overruled.

Appellant also urges the court erred in failing to instruct the jury that Jerry Edgman and Willie Arnett were accomplice witnesses as a matter of law despite timely objections.

The court instructed the jury Dye was an accomplice witness as a matter of law but submitted as fact issues the questions of whether Edgman and Arnett were accomplice witnesses. The jury was further instructed that one accomplice witness cannot corroborate another.

■ There is no showing that Arnett, who was in Oklahoma City at the time, knew of the alleged theft or participated in the offense in any way so as to constitute him an accomplice to the crime or a principal. Likewise the evidence is insufficient to reflect that he was an accessory to any person who did participate in the alleged offense. Since he was not a principal, accomplice or an accessory, we fail to see how he could have been an accomplice witness. The charge given was far more favorable to the appellant than he was entitled.

As to the witness Edgman a closer question is presented. Dye testified the boat was stolen on order from Edgman for the particular type of boat and Edgman was involved in the theft "up to his neck." Edgman denied any knowledge of the theft but "assumed" the boat was stolen when the appellant and Whorton arrived with it at his Oklahoma City home. He admitted he received $100 for his efforts in helping them to dispose of the boat to Arnett.

■ In Lopez v. State, 92 Tex.Cr.R. 97, 242 S.W. 212, it was pointed out that where there is any doubt as to the fact that a given witness is an accomplice witness and such fact issue is submitted to the jury, such procedure is sufficient even though the evidence appears largely to preponderate in favor of the fact that such witness is an accomplice witness as a matter of law.

■ Where no doubt exists or the evidence clearly shows that a witness is an accomplice witness as a matter of law, the court has a duty to so instruct the jury and his failure to do so may constitute reversible error. 24 Tex.Jur.2d, Evidence, Sec. 691, pp. 314, 317. See also 2 Branch's Ann.P.C., 2d ed., Sec. 741.

■ In Gonzales v. State, 441 S.W.2d 539, after discussing a number of authorities, this court said:

"It appears from these cases that where the court submits to the jury the fact question of whether a certain State witness is an accomplice witness when the evidence was such as to justify a charge that such witness was an accomplice as a matter of law, and proper objection is reserved, the error does not require reversal unless the testimony of the witness is essential to the State's case (a) because, if the witness is in fact an accomplice, there is no evidence to corroborate his testimony, or (b) because, without the testimony of the witness (whether he be an accomplice or not) there is insufficient evidence to support a conviction or (c) because it is the sole corroboration of the testimony of another accomplice witness."

In view of the foregoing and our determination of the status of the witness Arnett, we perceive no reversible error in the charge even if it can be said that without question Edgman was an accomplice witness as a matter of law.

Grounds of error #3 and 4 are overruled.

For the same reasons we fail to find merit in appellant's claim that his motion for instructed verdict on the ground of lack of corroboration of accomplice witnesses was erroneously overruled.

Ground of error #6 is overruled.

■ Further, the trial court did not err in refusing to compel the State to produce Buddy Whorton as a witness. In view of the testimony offered, this was not a case where the circumstantial evidence relied on by the prosecution was weak and the appellate record affirmatively shows other testimony available to the prosecution which would cast additional light on the facts and the prosecution does not introduce such evidence or satisfactorily account for its failure to do so. Cf. Ysasaga v. State, Tex.Cr.App., 444 S.W.2d 305. When the objection was made, the district attorney noted the appellant had the right to call such witness if desired. See Article 36.09, V.A.C.C.P. The prosecutor also called the court's attention to the fact that the State had not granted such witness immunity and stated that if called the witness would take the Fifth Amendment. If, with this knowledge, the prosecutor had called the witness and forced him to exercise his Fifth Amendment privilege the prosecutor would be guilty of prosecutorial misconduct. Washburn v. State, 164 Tex.Cr.R. 448, 299 S.W.2d 706; Johnson v. State, 158 Tex.Cr.R. 6, 252 S.W.2d 462; Rice v. State, 123 Tex.Cr.R. 326, 59 S.W.2d 119; 24 Tex.Jur.2d, Evidence, Sec. 679, p. 292.

Ground of error #7 is overruled.

We find no merit in appellant's next contention that the probata did not meet the allegata. Ground of error #8 is overruled.

Lastly, appellant complains "[T]he court erred in overruling Defendant's objections to the court's charge to the jury." Such contention is advanced without argument or citation of authorities. It is impossible to determine whether such contention is merely germane to grounds of error #3 and 4 or is independent thereof. Under any circumstances, no error is presented.

Finding no reversible error, the judgment is affirmed.