Gene VAN BUSKIRK, Appellant,

v.

The STATE of Texas, Appellee.

No. 45881.

Court of Criminal Appeals of Texas.

March 21, 1973.

Donald K. Shipley, Houston, for appellant.

Carol Vance, Dist. Atty. and James C. Brough and Herbert Hancock, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for unlawfully passing as true a forged instrument; the punishment five years imprisonment.

The appellant challenges the sufficiency of the evidence and urges that the court erred in refusing to submit a charge on circumstantial evidence and in refusing to charge the jury that the witness Elwood Findley was an accomplice witness as a matter of law.

The court did submit to the jury a charge requiring the jury to determine as a fact issue whether the witness Elwood Findley was an accomplice witness.

A check in the amount of seventy-five dollars purporting to have been made by B. J. "Shaddam" payable to Gene Van Buskirk was presented to Farah J. Baba, the operator of a liquor store for the purpose of being cashed.[1]

Elwood Findley, who Baba knew and had seen frequently in his place of business but whose name he did not know, and a man who Baba could not identify but who Findley identified at the trial as being the appellant, came into the liquor store to cash the above described check.[2] The man with Findley, identified by him as the appellant, endorsed the check in Baba's presence in the name of the payee, Gene Van Buskirk. Baba did not have sufficient funds to cash the check but told Findley and the appellant that he would have sufficient funds in about two hours. Baba gave the men six dollars, a bottle of liquor and some cigarettes with the agreement that he would give them the balance after the time stated.

The men left the store and Baba, by telephone, called Shadden, the purported maker of the check. Baba ascertained the check had been stolen and the name of the maker on the check which had been presented to him had been forged. Shadden came to the liquor store in a short time and police officers were summoned.

On leaving the store Findley, Van Buskirk and two of his friends went to a hotel room where they drank and talked. When the agreed time had elapsed, the appellant asked one of his friends and Findley to go and obtain the balance of the money from Baba. Findley went into the liquor store and the friend of the appellant stayed on the outside. Findley was detained in the store by Shadden until police officers arrived and arrested him. Findley told them that the appellant was in room 13 at the hotel. The officers went to the hotel and arrested the appellant.

Although Findley was arrested and jailed in connection with the offense, the record does not show that he was prosecuted nor that he was under any charges for this offense at the time of the trial. Findley testified that he had met the appellant in a bar in the morning prior to going to the liquor store. He said the appellant said the banks were closed; that he had a pay-

---

1. This check was drawn on the account of American Applicators, an organization owned by Bobby Jean Shadden.

2. Baba said since over six months time had elapsed before the trial he could not be sure that the appellant was the man with Findley.

roll check and if Findley would help him get it cashed he would give Findley five dollars. Findley took appellant to a liquor store and asked Baba to cash the check. Findley said he had no idea that the check was a forgery until he was detained and arrested.

Shadden testified that it was not his signature on the check and he had given no one authority to sign the check for him. He said that this was one of six of his checks which had been stolen from a check book he had left on the front seat of his automobile. He also testified that he knew the appellant and that the appellant had worked for him.

■ The evidence is sufficient to sustain the conviction.

■ There is direct evidence from the testimony of Findley identifying the appellant as being the man who passed the forged instrument. The refusal to give a charge on circumstantial evidence was not error.

■ Where there is any doubt as to the fact that a given witness is an accomplice witness and such fact issue is submitted to the jury, such procedure is sufficient even though the evidence appears largely to preponderate in favor of the fact that such witness is an accomplice witness as a matter of law. Lopez v. State, 92 Tex.Cr.R. 97, 242 S.W. 212 (1922); Gonzales v. State, 441 S.W.2d 539 (Tex.Cr.App.1969) and Allen v. State, 461 S.W.2d 622 (Tex.Cr.App.1970).

■ Under the facts of this case Findley is not shown to be an accomplice witness as a matter of law. A fact question as to his being an accomplice witness is presented and the trial court so instructed the jury. See Gonzales v. State, supra; Olsen v. State, 424 S.W.2d 449 (Tex.Cr.App.1968); Fields v. State, 426 S.W.2d 863 (Tex.Cr.App.1968) and Allen v. State, 461 S.W.2d 622 (Tex.Cr.App.1970).

The court's refusal to charge that Findley was an accomplice witness as a matter of law was not error.

The judgment is affirmed.

Opinion approved by the Court.