**Michael Howard ZITTERICH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46892.**

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

James A. Attaway, Jr., Mesquite, for appellant.

Henry Wade, Dist. Atty., John H. Hagler, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The conviction is for theft of property of the value of over $5.00 and under $50.-00; the punishment, nine months in jail and a fine of $201.00.

Appellant raises four grounds of error.

Grounds of error number one and two relate to the sufficiency of the proof of the value of the property.

A state's witness testified that he was a sales representative for a tire company and had been around the tire business all his life. He stated that the fair market value of tires and wheels, of the same kind and condition as those stolen, was $18.00 to $23.00 each. He stated that the value was definitely more than $5.00, and that he would not ask a price as high as $50.00 We hold this proof sufficient. See Smith v. State, Tex.Cr.App., 468 S.W.2d 824; and Senters v. State, 163 Tex.Cr.R. 423, 291 S.W.2d 739.

Grounds of error number one and two are overruled.

In ground of error number three appellant contends the trial court erred in failing to charge that two witnesses were accomplice witnesses as a matter of law.

The witness Linda Beshear testified that on August 11, 1971, appellant and three unnamed companions came to her apartment. She and another witness, Gail Worsham, left the apartment with the four arrivals. As they were leaving, one of the young men suggested stealing some nearby motorcycle parts. Gail Worsham instructed them not to do so because she knew the owner. As they continued toward their car, appellant told the witness that he did not think she and Miss Worsham could push two tires out of the bed of a nearby pickup truck. The girls then did so. The witness Beshear testified she did so on a "dare". The young men then picked up the tires and placed them in their car. The girls, being afraid that someone might see them while the young men were taking the tires, returned to the apartment.

Nevertheless, appellant asked them if they still wanted to ride in the car, and they agreed to go. They drove to a "7-11" store with the tires in the back seat, and subsequently returned to the apartment.

Some four hours later, appellant returned to the apartment with a different companion. The tires were in the car. The witness Beshear, the companion, and the appellant drove to a filling station where appellant sold the tires.

The witness Worsham testified to substantially the same facts. She further testified that, when the tires were pushed from the pickup to the ground, she did not intend to do anything with them.

Both witnesses readily admitted what had happened when first confronted by the owner of the tires.

In Allen v. State, Tex.Cr.App., 461 S.W.2d 622, 625, this Court citing Lopez v. State, 92 Tex.Cr.R. 97, 242 S.W. 212, stated:

"  .  .  .  where there is any doubt as to the fact that a given witness is an accomplice witness and such fact issue is submitted to the jury, such procedure is sufficient even though the evidence appears to preponderate in favor of the fact that such witness is an accomplice witness as a matter of law."

Gonzales v. State, Tex.Cr.App., 441 S. W.2d 539, relied upon by appellant, is not at variance with the rule set forth above.

█ We conclude that the trial court was not in error when it allowed the jury to resolve this disputed issue.

Ground of error number three is over-ruled.

In ground of error number four, appellant contends the trial court erred in denying his motion for an instructed verdict since there was no evidence to corroborate the accomplice testimony.

Since the jury apparently decided the issue as to their being accomplices adversely to appellant we need not reach this ground of error. See and cf. Olsen v. State, Tex.Cr.App., 424 S.W.2d 449, headnote 2.

Finding no reversible error, the judgment is affirmed.