George DEARS, Appellant,

v.

The STATE of Texas, Appellee.

No. 47646.

Court of Criminal Appeals of Texas.

March 6, 1974.

Rehearing Denied March 27, 1974.

Jake C. Cook (Court-appointed), Fort Worth, for appellant.

Tim Curry, Dist. Atty., Robert A. Sewell, Billy D. Mills, William A. Knapp, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for robbery; the punishment, imprisonment for eighty years.

The sufficiency of the evidence is challenged. It is also urged that the trial court erred in not instructing the jury that the

witness Moody was an accomplice witness as a matter of law and in failing to grant a mistrial because the prosecutor during jury argument "misquoted the complaining witness's testimony."

The complainant, who was sixteen years old at the time of the alleged offense, drove his automobile to a convenience store where he purchased school supplies. At approximately 9:50 P.M. when he started to drive from the parking lot an automobile occupied by two people drove up beside his and stopped. That automobile was driven by Charles Moody. The complainant recognized Moody with whom he had worked for a time some months before. At the trial Moody identified the sole passenger in his automobile as the appellant. At the trial the complaining witness was unable to make a positive identification of the appellant.

When the automobile in which the appellant was riding stopped he said something to the complainant and the complainant rolled down a window. The appellant asked the complainant if he knew him and he told the complainant that he knew complainant's parents. Appellant then got out of Moody's automobile and walked over to the complainant's. The complainant unlocked the door and let him in. After some conversation in which the appellant ascertained the complainant had nine dollars, the appellant insisted on borrowing three dollars. The appellant then made gestures and verbal overtures to the complainant attempting to get him to commit an act of sodomy. The young complainant refused and asked the appellant to get out of his car. Moody who had been getting gas for his automobile came back and said to the appellant: "Come on, let's go. Leave that boy alone. Let's go." Moody asked the appellant to come and go with him several times and after he failed to get him to respond started to drive off.

The appellant then pushed the complainant over against the door on the driver's side and took complainant's wallet out of his pants. He then wrestled the complainant across the car placing him on the passenger's side. The appellant with help from the complainant started the car and drove down the road at a rapid rate of speed. He put his arm around the complainant's neck, pulled him over beside him and told the complainant in vulgar language that he was going to force him to commit an act of sodomy. When the complainant again refused the appellant commenced to beat on him. After driving five or six miles from the store the appellant turned off the road into some woods. When the automobile was stopped the complainant jumped out and ran through a field, escaping from the appellant. The complainant got to a tavern along the road and his parents and officers were summoned.

The complainant testified the appellant took his billfold without his consent and that he was in fear of his life or serious bodily injury.

A deputy sheriff who was investigating the incident drove to a location where he found the complainant's automobile. There was another automobile parked behind it in which he found Moody asleep in the front seat. Moody was not arrested and no charges were filed against him in relation to the case on trial.

Moody testified that he got some gas for his automobile while the appellant was in the complainant's car on the parking lot. When the appellant would not get back in his car Moody drove off because he was in a hurry to take some groceries to his home. As he was leaving Moody saw the complainant's car drive off and he thought that the appellant was driving. Moody decided to try to catch them to see what was going on. He stayed about three car lengths behind them as they were moving pretty fast. When the complainant's car made a turn at a cross-road Moody turned the other way and drove to a nearby cafe. There he picked up a friend and gave him a ride to Mansfield. As he was returning

from Mansfield Moody visited at his girlfriend's home for a short time. He continued his return trip and decided to turn off the road where he saw the complainant's car. Moody parked his automobile about two car lengths behind complainant's. He did not see anyone in the complainant's car. He then went to sleep in his automobile. He was awakened by the deputy sheriff.

Before leaving the store parking lot Moody said he had observed the appellant shove and tap the complainant on the shoulder. He said the appellant had been drinking but was not drunk.

Moody testified he had been a friend of the appellant for most of their lives. However, on cross-examination he first denied and then remembered that one of the appellant's uncles had killed one of his uncles a number of years ago. Moody also admitted he was on probation. He had been convicted of a robbery which was carried out in a similar manner to that used by the appellant and it had occurred in the same area of Tarrant County.

█ It has been held that, even though the evidence appears largely to preponderate in favor of the fact that a witness is an accomplice witness as a matter of law, the matter may be submitted to the jury as a fact issue. See Brown v. State, 850 S.W.2d 505 (#47,126, 2/27/74); Van Buskirk v. State, 492 S.W.2d 279 (Tex.Cr.App.1973); Allen v. State, 461 S.W.2d 622 (Tex.Cr.App.1970); Gonzales v. State, 441 S.W.2d 539 (Tex.Cr.App.1969); Lopez v. State, 92 Tex.Cr.R. 97, 242 S.W. 212 (1922). We conclude the Court did not err in refusing to charge that Moody was an accomplice witness as a matter of law. Submitting the issue for the jury's determination was proper.

█ Since the jury decided the issue as to Moody's being an accomplice witness adversely to the appellant the evidence is sufficient to sustain its verdict. See Brown v. State, supra; Zitterich v. State,

502 S.W.2d 144 (Tex.Cr.App.1973) and Olsen v. State, 424 S.W.2d 449 (Tex.Cr.App.1968). And the evidence is sufficient even though the complainant was not able to positively identify the appellant at the trial. See Jenkins v. State, 484 S.W.2d 900 (Tex.Cr.App.1972); Williams v. State, 466 S.W.2d 313 (Tex.Cr.App.1971), and Terry v. State, 103 S.W.2d 766 (Tex.Cr.App.1937).

█ We turn to the remaining complaint concerning jury argument. During the argument at the punishment phase of the trial, the following exchange took place:

"MR. SEWELL [PROSECUTOR]: . . . We have evidence from Mr. Lyon, David, and from Mr. Moody that while in the presence of the car, David was knocked up by the defendant against the door.

"MR. COOK [DEFENSE COUNSEL]: We object. There is not testimony from David Lyon connecting this defendant with anything. We object to that.

"THE COURT: All right, I'll overrule the objection.

"MR. COOK: It's totally outside the record. Note our exception.

"MR. SEWELL: David Lyon said that he was knocked up beside the door of his car. He also testified that he was also somewhere or another thrown across the front seat whereby his wallet was taken from him containing $9.

"Mr. Dears—Mr. Moody testified that it was George Dears who was in that car."

The prosecutor then argued concerning the application of the charge on accomplice testimony as applied to the facts, and continued:

"Well, let's look at that in detail.

"Moody testified it was George Dears in the car. David testified it was a man who looked like Dears.

"MR. COOK: Your Honor, we object to that. That is outside the record. He did not testify to that and we object to it.

"THE COURT: All right, I will sustain the objection.

"MR. COOK: And we ask the Court to instruct the jury to disregard the testimony of the District Attorney in that regard.

"THE COURT: I will instruct the jury to disregard the District Attorney's last statement.

"MR. COOK: At this point, it is so prejudicial a statement that we ask the Court to grant a mistrial.

"THE COURT: I'll overrule the Motion.

"MR. COOK: Note our exception.

"MR. SEWELL: Well, I am indeed sorry. I just misunderstood what I understand the facts to be. In any event, young David testified that the man in the car with him drove the car off and they finally reached that field."[1]

It was said in Ward v. State, 474 S.W. 2d 471 (Tex.Cr.App.1971):

"The purpose of argument is to assist the jury in properly analyzing the evidence. The prosecutor cannot use closing argument to get evidence before the jury which is outside the record and prejudicial to the accused. Lockabaugh v. State, 171 Tex.Cr.R. 613, 352 S.W.2d 279; Clark v. State, supra; however, in light of the Court's ruling and instruction to the jury as well as the prosecu-

tor's clarifying remark we perceive no reversible error."

Likewise, we perceive no error in this case. See also, Jackson v. State, 501 S.W.2d 660 (Tex.Cr.App.1973); Haas v. State, 498 S.W.2d 206 (Tex.Cr.App.1973); Gray v. State, 477 S.W.2d 635 (Tex.Cr.App.1972); Alexander v. State, 479 S.W.2d 44 (Tex. Cr.App.1972).

The judgment is affirmed.

Opinion approved by the Court.

---

[1]. The complainant testified that the person who robbed him was a "colored man" who "looked like a man in his upper thirties, I guess, and he was tall and rather thin and black." The appellant's appearance at the time of the trial was not described in the record. However, he was before the jury for their observation. From questions asked by appellant's counsel while cross-examining Moody it may be inferred the appellant fitted the description given by the complainant.