David Myron BENTLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 49518.

Court of Criminal Appeals of Texas.

March 12, 1975.

Rehearing Denied April 9, 1975.

Ernesto Valdes, Houston, for appellant.

Robert J. Seerden, Dist. Atty., and Norman D. Jones, Asst. Dist. Atty., Victoria,

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

The appellant brings this appeal from a conviction for possession of marihuana over four ounces. The jury returned a guilty verdict and assessed punishment at four (4) years' confinement in the Texas Department of Corrections.

The appellant urges three grounds of error.

In his first ground of error the appellant challenges the sufficiency of the evidence to sustain the conviction, contending that the testimony of the accomplice witnesses was not corroborated as required by Article 38.14, Vernon's Ann.C.C.P.[1] The appellant urges that the trial court erred in overruling his motion for instructed verdict.

The record reflects that Victoria City Police Officers executed a search warrant on October 20, 1973, at a residence where Randall Boyd Phillips lived in the City of Victoria. The police officers observed someone "peek" out of a bedroom window on the northeast corner of the residence as they approached. When they received no response from within the residence to their knocks and announcements of "Police" and "Search Warrant," the officers entered the unlocked front door. Confronting Phillips' mother and sister in the living room, the officers identified themselves and one of them read the search warrant to the two women. Since while outside the residence they had observed, through a window, some activity in the northeast bedroom, the remaining officers proceeded to that bedroom and found the appellant Bentley,

[1]. Article 38.14, Vernon's Ann.C.C.P., reads as follows:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

Phillips, Gayle Butler, Mitchell Duerfeldt, Richard Gamblin and Polly Laughumn sitting in a circular arrangement on the floor. The room was full of marihuana smoke, and most of the people appeared to be intoxicated from either drugs or alcohol. The appellant and one other person were playing guitars when the officers entered the bedroom. The officers identified themselves, announced that they had a search warrant, and read the suspects the *Miranda* warnings. During the reading of the warnings, the appellant, who appeared intoxicated and had bloodshot eyes, continued to "strum" on his guitar and made loud, boisterous and vulgar remarks to the police. A box located on the floor in the middle of the circle contained twenty-five (25) butts or "roaches" later proved to contain marihuana. A search of a dresser located in the bedroom revealed one hundred (100) sandwich sized "baggies" of marihuana, whose contents amounted to approximately eighty (80) ounces in weight.

Randall Phillips testified that a week prior to the execution of the search warrant by the police he and Gayle Butler had traveled to Houston to visit the appellant at his new apartment, but were unable to find the address and spent the night in Rosenberg. Phillips and Butler returned to Victoria the next day, and the appellant brought some marihuana to Phillips' house to be "cut into lids." The appellant requested that Phillips keep the marihuana and advised him that one Dickie St. Julien would come by the residence to pick up ten "lids" at a time. Phillips agreed to keep the marihuana for the appellant, apparently to discharge a $600.00 debt owed him from an earlier transaction where the appellant had "brought something down" and Phillips had distributed it to other people to sell and had not recovered the money. The appellant, Phillips, Gayle Butler and Mitchell Duerfeldt "cut" the marihuana, and it was placed in the attic at Phillips' home. Phillips further testified that Dickie St. Julien had come by his house on four or five separate occasions prior to the police

raid to pick up ten "lids" as the appellant had said he would, and had paid Phillips $100.00 on each occasion except for the Friday of the raid. On the day of the raid the appellant and Phillips took the marihuana out of the attic and placed it in the dresser where it was subsequently found. That evening, Phillips and Duerfeldt picked up the appellant and they drove around drinking beer and smoking a joint, after which they went to Phillips' house. At the house the appellant, Phillips, Gayle Butler and others took a "quayline" prior to the officers' arrival.

Gayle Butler generally corroborated Phillips' testimony.

Mitchell Duerfeldt testified that he had helped "cut" the marihuana at Phillips' house on the Sunday prior to the raid. He further testified that he helped put the marihuana into "baggies" and got one "lid" from the appellant as compensation for his help. Duerfeldt also stated that he did not know what happened to the marihuana after it was bagged, nor was he aware that the one hundred "baggies" of marihuana were in the dresser on the night of the raid.

The appellant offered no evidence at the guilt-innocence stage of the trial.

The court instructed the jury on the law of principals, joint possession and accomplice testimony, charging that Randall Phillips and Gayle Butler were accomplices as a matter of law and submitting the issue of whether or not Mitchell Duerfeldt was an accomplice witness as a fact issue for the jury to resolve.

■■ In Edwards v. State, 427 S.W.2d 629, 632 (Tex.Cr.App.1968), this court stated:

"The test as to the sufficiency of the corroboration is to eliminate from consideration the evidence of the accomplice witness and then to examine the evidence of other witnesses with the view to ascertain if there be inculpatory evi-

dence, that is evidence of incriminating character which tends to connect the defendant with the commission of the offense. If there is such evidence, the corroboration is sufficient; otherwise, it is not. Dalrymple v. State, Tex.Cr.App., 366 S.W.2d 576; Bradford v. State, 170 Tex.Cr.R. 530, 342 S.W.2d 319."

The mere showing that an offense occurred is not sufficient corroboration. Windham v. State, 479 S.W.2d 319 (Tex. Cr.App.1972); Reynolds v. State, 489 S. W.2d 866 (Tex.Cr.App.1972). The combined cumulative weight of the incriminating evidence furnished by the non-accomplice witnesses which tends to connect the accused with the commission of the offense supplies the test. Perkins v. State, 450 S. W.2d 855 (Tex.Cr.App.1970); Windham v. State, supra; Colunga v. State, 481 S.W.2d 866 (Tex.Cr.App.1972). It is not necessary that the corroboration directly link the accused to the crime or be sufficient in itself to establish guilt, Attwood v. State, 509 S.W.2d 342 (Tex.Cr.App.1974); Reynolds v. State, supra; Rainey v. State, 401 S.W.2d 606 (Tex.Cr.App.1966); it need only make the accomplice's testimony more likely than not. Warren v. State, 514 S. W.2d 458 (Tex.Cr.App.1974).

The possession of narcotics[2] need not be exclusive. Collini v. State, 487 S.W.2d 132 (Tex.Cr.App.1972). Evidence which shows that the contraband is jointly possessed by the accused with another is sufficient. Simpson v. State, 486 S.W.2d 807 (Tex.Cr.App.1972); Adair v. State, 482 S.W.2d 247 (Tex.Cr.App.1972); Valdez v. State, 481 S.W.2d 904 (Tex.Cr.App. 1972); Payne v. State, 480 S.W.2d 732 (Tex.Cr.App.1972); Shortnacy v. State, 474 S.W.2d 713 (Tex.Cr.App.1971). Where joint possession is involved, the State must link the accused to the narcotic by introducing evidence of facts and circumstances which show both knowledge of the narcotic and the exercise of control

over it. Mitchell v. State, 517 S.W.2d 282 (Tex.Cr.App.1974); Smith v. State, 514 S.W.2d 749 (Tex.Cr.App.1974); Barnes v. State, 504 S.W.2d 450 (Tex.Cr.App.1974); Wright v. State, 500 S.W.2d 170 (Tex.Cr. App.1973); Williams v. State, 498 S.W.2d 340 (Tex.Cr.App.1973).

In the instant case the non-accomplice testimony (also excluding that of the witness Mitchell Duerfeldt for reasons that shall be obvious later) reveals that the police, acting upon an informer's tip and after securing a search warrant, entered the residence where the co-defendant Phillips lived and arrested appellant, apparently under the influence of drugs in a bedroom where a dresser nearby was found to contain 100 "baggies" of marihuana. A box located in the middle of the circle of people in the bedroom contained twenty-five (25) butts or "roaches" of what later proved to be marihuana. The above described non-accomplice testimony was sufficient to tend to connect the appellant with the offense committed as required by Article 38.14, Vernon's Ann.C.C.P.

In his second ground of error the appellant contends that the trial court erred in failing to instruct the jury that witness Duerfeldt was an accomplice as a matter of law. The trial court submitted the issue of whether or not Duerfeldt was an accomplice as a fact issue for the jury to resolve. The State argues that since Duerfeldt was convicted of a separate and distinct offense from the appellant, he was not an accomplice as a matter of law and the trial court correctly refused the appellant's requested instruction.

In Jackson v. State, 516 S.W.2d 167, 172 (Tex.Cr.App.1974), this court, quoting Allen v. State, Tex.Cr.App., 461 S.W.2d 622, wrote:

" . . . where there is any doubt as to the fact that a given witness is an ac-

---

2. Though the present offense occurred after the effective date of the Texas Controlled Substances Act, Article 4476–15, Vernon's Ann.Tex.Civ.St., and though marihuana is no longer classified a "narcotic," the rules used to determine possession of a narcotic will apply also to cases where the drug possessed is marihuana.

complice witness and such fact issue is submitted to the jury, such procedure is sufficient even though the evidence appears largely to preponderate in favor of the fact that such witness is an accomplice as a matter of law. *Allen* at p. 625. Accord: Dears v. State, 506 S.W. 2d 606 (Tex.Cr.App.1974); Zitterich v. State, 502 S.W.2d 144 (Tex.Cr.App. 1973); Van Buskirk v. State, 492 S.W. 2d 279 (Tex.Cr.App.1973); Lopez v. State, 92 Tex.Cr.R. 97, 242 S.W.2d 212 (1922)."

Where, however, no doubt exists that the witness is an accomplice as a matter of law, the trial court is under a duty to so instruct the jury and its failure to do so may constitute reversible error. Gonzales v. State, 441 S.W.2d 539 (Tex.Cr.App. 1969); Allen v. State, supra.

■ In the present case the witness Duerfeldt testified that, although he pleaded guilty to misdemeanor possession of marihuana, he was originally indicted for felony possession. Examination of the indictment in the present case confirms this fact as the appellant was indicted jointly with Duerfeldt and others for felony possession of marihuana. Therefore, since Duerfeldt was a co-indictee, it was clearly error for the trial court to fail to instruct the jury that he was an accomplice as a matter of law. Hendricks v. State, 508 S. W.2d 633 (Tex.Cr.App.1974).

■ The test of whether this error requires reversal was stated in Gonzales v. State, 441 S.W.2d 539, 541–542 (Tex.Cr. App.1969), in which this court wrote:

". . . [w]here the court submits to the jury the fact question of whether a certain State witness is an accomplice witness when the evidence was such as to justify a charge that such witness was an accomplice as a matter of law, and proper objection is reserved, the error does not require reversal unless the testimony of the witness is essential to the State's case (a) because, if the witness is in fact an accomplice, there is no evidence to corroborate his testimony, or (b) because, without the testimony of the witness (whether he be an accomplice or not) there is insufficient evidence to support a conviction or (c) because it is the sole corroboration of the testimony of another accomplice witness."

Applying this test to the facts of the present case, we note that the witness Duerfeldt's testimony was substantially identical to that of the testimony of the other two accomplices, Gayle Butler and Randall Phillips. Duerfeldt's testimony was adequately corroborated by independent evidence; it was not the sole corroboration of the testimony of the other two accomplice witnesses, and there was sufficient evidence to support the conviction without his testimony. Therefore, though the failure of the trial court to instruct the jury that Duerfeldt was an accomplice witness as a matter of law was error, we do not find that it was of sufficient gravity to require reversal.

■ In his final ground of error the appellant challenges the validity of the search warrant affidavit, contending that it contains various defects which invalidate the warrant. Our examination of the record shows that it contains neither the search warrant nor affidavit. Therefore, nothing is presented for review. McAlpine v. State, 455 S.W.2d 247 (Tex.Cr.App. 1970).

The judgment is affirmed.