TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00348-CR







Ismael Cruz, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0975091, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING








 Appellant Ismael Cruz appeals from his conviction of the offense of murder. See
Tex. Penal Code Ann. § 19.02 (West 1994). The jury assessed appellant's punishment at
imprisonment for forty years. Appellant asserts that the evidence is not sufficient to support the
jury's verdict, and that the trial court erred in instructing the jury on accomplice witness
testimony. Appellant also asserts that the trial court erred in failing to grant a mistrial, in granting
the State's challenge of a juror for cause, and in failing to administer an oath to an interpreter. 
We will overrule appellant's points of error and affirm the trial court's judgment.

 Andrew Carter, the murder victim, was a backseat passenger sitting between two
other young men in a car driven by a young woman named Jessica. Appellant was a front seat
passenger, and Alfredo Duran was one of two back seat passengers in a car driven by Tiffany
Vasquez. While the cars were on a convenience store parking lot, the young men in both cars
"eyed" each other and flashed gang signs. Jessica drove her car from the parking lot, and one
of the young men motioned for Tiffany's car to follow. Someone in the back seat of Tiffany's car
told her to follow the other car. Jessica stopped her car at a stop sign and seemed to wait for
Tiffany's car. One of the back seat passengers in Tiffany's car said, "blast at them, blast at
them." Appellant pulled his undershirt over the lower part of his face and fired one handgun shot
toward Jessica's car. Tiffany kept driving. Appellant said his gun had jammed and that he did
not think he had hit anyone. Tiffany took the young men to their homes. She promised appellant
she would not tell anyone what had happened. After Tiffany reached her home, she received a
call from appellant. She then went to appellant's home and spent the rest of the night with him. 
The next day appellant called Tiffany and asked her to search her car for the spent cartridge case
and if she found it to dispose of it. She searched but did not find the spent cartridge case. 
Tiffany's uncontroverted testimony was that, until she saw appellant fire the shot, she did not
know he had a gun or that he was going to shoot at the car in which some of appellant's rival gang
members were passengers. After the shooting, Jessica took the victim to his house and summoned
an ambulance. The victim died due to the gunshot wound.

 In his fourth and fifth points of error, appellant contends that the trial court erred
in failing to instruct the jury that Tiffany was an accomplice witness as a matter of law and that
the evidence is insufficient because the testimony of the accomplice witnesses Tiffany and Duran
was not sufficiently corroborated.


 "A conviction cannot be had upon the testimony of an accomplice unless
corroborated by other evidence tending to connect the defendant with the offense committed; and
the corroboration is not sufficient if it merely shows the commission of the offense." Tex. Code
Crim Proc. Ann. art. 38.14 (West 1979). The testimony of one accomplice witness cannot
corroborate another accomplice witness's testimony. See Chapman v. State, 470 S.W.2d 656, 660
(Tex. Crim. App. 1971); Moore v. State, 984 S.W.2d 783 (Tex. App.--Waco 1999, no pet.);
Badillo v. State, 963 S.W.2d 854, 857 (Tex. App.--San Antonio 1998, pet. ref'd).

 The court instructed the jury that Duran, a backseat passenger in Tiffany's car, was
an accomplice witness as a matter of law. At trial, appellant insisted that the trial court should
instruct the jury that Tiffany was also an accomplice witness as a matter of law. However, the
trial court, over appellant's objection, instructed the jury to determine whether Tiffany was an
accomplice witness as an issue of fact.

 A witness charged with the same offense for which the defendant is on trial is an
accomplice witness as a matter of law. See McFarland v. State, 928 S.W.2d 482, 514 (Tex.
Crim. App. 1996); Harris v. State, 645 S.W.2d 447, 454 (Tex. Crim. App. 1983); McCloud v.
State, 527 S.W.2d 885, 886 (Tex. Crim. App. 1975); Hendricks v. State, 508 S.W.2d 633, 634
(Tex. Crim. App. 1974). A witness who has not been charged with the same offense as the
defendant is not an accomplice witness as a matter of law unless the evidence in the record would
be sufficient to convict the witness of the same offense as that for which the defendant is on trial. 
See Blake v. State, 971 S.W.2d 451, 454-55 (Tex. Crim. App. 1998); Kunkle v. State, 771
S.W.2d 435, 439 (Tex. Crim. App. 1986); Carrillo v. State, 591 S.W.2d 876, 881-82 (Tex.
Crim. App. 1979); Easter v. State, 536 S.W.2d 223, 227 (Tex. Crim. App. 1976); Morgan v.
State, 346 S.W.2d 116, 188 (Tex. Crim. App. 1961).

 Courts have said many times that an accomplice witness is one who participates
with a defendant before, during, or after the commission of the crime. See McFarland, 928
S.W.2d at 514; Kunkle, 771 S.W.2d at 439; Brooks v. State, 686 S.W.2d 952, 957 (Tex. Crim.
App. 1985). However, "[w]hile a principal, an accomplice (to the crime) and an accessory after
the fact (to a person) were all accomplice witnesses under the former [penal] code, an accessory
after the fact is no longer an accomplice witness." Navarro v. State, 863 S.W.2d 191, 202 (Tex.
App.--Austin 1993), pet. ref'd, 891 S.W.2d 648 (Tex. Crim. App. 1995). See also Harris v.
State, 738 S.W.2d 207, 215 (Tex. Crim. App. 1986); Easter, 536 S.W.2d at 228; Sheffield v.
State, 847 S.W.2d 251, 259 (Tex. App.--Tyler 1992, pet. ref'd). "[O]ne is not an accomplice for
knowing about a crime and failing to disclose it, or even concealing it." Blake, 971 S.W.2d at
454; see also Carrillo v. State, 591 S.W.2d at 882. Complicity with an accused in the
commission of another offense does not make that witness's testimony that of an accomplice
witness for the offense for which the accused is on trial if there is no showing of the witness's
complicity in that offense. Kunkle, 771 S.W.2d at 439.

 Tiffany was not charged with the offense for which appellant was being tried, and
the State had not promised her any consideration or benefit for her testimony. Therefore, for
appellant to prevail in his contention that Tiffany was an accomplice as a matter of law the record
must show that Tiffany could be successfully prosecuted for the same offense as appellant or a
lesser included offense. See Blake, 971 S.W.2d at 454-55. We quote from appellant's summary
of the evidence, where he insists Tiffany was an accomplice as a matter of law. "Her actions in
participating as the driver of the car involved in the drive-by shooting and then her flight from the
scene of the murder, along with her attempts to find the expelled shell casing and cover up
appellant's and her own involvement in the offense made her an accomplice as a matter of law."

 In view of the standards we have set out, the only evidence we must consider is that
Tiffany was the driver of the car. There is no evidence she left the murder scene knowing the
victim had been shot. W e need not consider her attempt to find the spent cartridge case. There
is no evidence that Tiffany advised, commanded, or encouraged appellant to commit the offense
or agreed to aid him in the commission of the offense. The evidence shows Tiffany had no
knowledge appellant had a weapon or intended to shoot at anyone. The evidence is insufficient
to show that Tiffany was an accomplice witness as a matter of law.

 When there is doubt whether a witness is an accomplice, submitting the issue to the
jury is sufficient even though the evidence seems to preponderate in favor of the conclusion that
the witness is an accomplice as a matter of law. See Carrillo, 591 S.W.2d at 882; Colunga v.
State, 527 S.W.2d 285, 287 (Tex. Crim. App. 1975); Allen v. State, 461 S.W.2d 622 (Tex. Crim.
App. 1970); Lopez v. State, 242 S.W. 212, 213 (Tex. Crim. App. 1922).

 The jury was properly instructed and allowed to determine as a fact issue whether
Tiffany was an accomplice witness. The jury so instructed found appellant guilty. This was an
implied finding that Tiffany was not an accomplice witness. Her testimony corroborated that of
Duran. Her testimony alone was actually sufficient to prove appellant fired the shot that killed
the victim. Moreover, Randy Faz, who was seated next to the victim when the victim was shot,
testified that, although he could not identify appellant, the shot which killed the victim was fired
by the person seated in the front passenger seat of Tiffany's car. The evidence shows appellant
was seated in the front passenger seat of Tiffany's car.

 The trial court did not err in refusing to instruct the jury that Tiffany was an
accomplice as a matter of law. The evidence aside from Duran's testimony is sufficient to sustain
the jury's verdict. Appellant's fourth and fifth points of error are overruled.

 In his third point of error, appellant claims that the trial court erred in denying a
defense motion to discharge the jury and grant a mistrial when the jury indicated that it was
deadlocked. "After the cause is submitted to the jury, it may be discharged when it cannot agree
and both parties consent to its discharge; or the court may in its discretion discharge it where it
has been kept together for such time as to render it altogether improbable that it can agree." Tex.
Code Crim. Proc. Ann. art. 36.31 (West 1981).

 The length of time a jury may be held for deliberation rests in the sound discretion
of the trial judge, who will not be reversed on appeal absent a showing by appellant that that
discretion was abused. See Green v. State, 840 S.W.2d 394, 407 (Tex. Crim. App. 1992);
Montoya v. State, 810 S.W.2d 160, 166 (Tex. Crim. App. 1989); Andrade v. State, 700 S.W.2d 
585, 589 (Tex. Crim. App. 1985). Requiring a jury to deliberate further after it has indicated it
is deadlocked is well within the trial court's discretion. See Williams v. State, 476 S.W.2d 300,
305 (Tex. Crim. App. 1971); Hernandez v. State, 867 S.W.2d 900, 910 (Tex. App.--Texarkana
1993, no pet.). There is no set time limit on how long a jury may deliberate. See Green, 840
S.W.2d at 407; Hernandez, 867 S.W.2d at 910. In a review for abuse of discretion, a jury
communication with the court should be considered; see Hernandez, 867 S.W.2d at 910. The
reasonableness of the jury's time of deliberation should be considered in light of the nature of the
case and the evidence presented. See id.

 The jury was sworn at the guilt-innocence phase of the trial and in a full day heard
the testimony of seven witnesses. The next morning, after the charge was prepared and read to
the jury, the jury heard counsel's arguments. Jury deliberation started about noon and continued
until 7:45 p.m., when the jury was sequestered for the night. Jury deliberation resumed at 9:00
a.m. the next morning. About noon, the trial court submitted an "Allen charge" to the jury. 
Defense counsel objected and asked for the jury's discharge and a mistrial on grounds that the jury
was hopelessly deadlocked. The trial court denied appellant's motion, and jury deliberation
continued. At 1:45 p.m. the jury reached a verdict. During deliberation the jury sent notes to
the trial court. Those notes indicated that the jurors were having difficulty understanding and
applying the court's charge that related to their determination of whether Tiffany Vasquez was an
accomplice witness. The notes and the record indicate that the jurors throughout their deliberation
were striving to reach a verdict. The trial court did not abuse its discretion in submitting an
"Allen charge" to the jury. See Howard v. State, 941 S.W.2d 102, 123 (Tex. Crim. App. 1996);
Loving v. State, 947 S.W.2d 615, 618-20 (Tex. App.--Austin 1997, no pet.). Considering the
evidence presented and the nature of the case, the time allowed for the jury to deliberate was not
unreasonable. The trial court did not abuse its discretion in refusing to discharge the jury and
grant a mistrial. Appellant's third point of error is overruled.


 In his first point of error, appellant insists that the trial court erred in granting the
State's challenge for cause of veniremember Stanaland. During jury voir dire, the State contended
that Stanaland had been convicted of misdemeanor theft and therefore was disqualified to serve
as a juror. See Tex. Code Crim. Proc. Ann. arts. 35.16, 35.19 (West 1989 & Supp. 1999). 
Stanaland testified that she believed the theft charge against her had been "dropped," and that she
had not been convicted. The State offered proof of Stanaland's conviction. However, appellant
claims that the State's proof was inadmissible hearsay and that it was untimely offered after the
court's ruling. The trial court, over appellant's objection, sustained the State's challenge of
Stanaland.

 Both the federal and state constitutions provide that a defendant is entitled to be
tried by an "impartial jury." See U.S. Const. amend. VI; Tex. Const. art. I, § 10. "[T]he
erroneous excusing of a veniremember will call for reversal only if the record shows that the error
deprived the defendant of a lawfully constituted jury." Jones v. State, 982 S.W.2d 386, 394
(Tex. Crim. App. 1998). "It has long been the established rule in this state that even though the
challenge for cause was improperly sustained, no reversible error is presented unless appellant can
show he was denied a trial by a fair and impartial jury." Jones, 982 S.W.2d at 392 (quoting with
approval City of Hawkins v. E.B. Germany & Sons, 425 S.W.2d 23, 26 (Tex. Civ. App.--Tyler
1968, writ ref'd n.r.e.)). To obtain reversal of the judgment for erroneously sustaining a
challenge for cause, an appellant must show that "the jury, as finally constituted, was biased or
prejudiced; or that appellant was deprived of trial by an impartial jury." Jones, 982 S.W.2d at
391. Appellant has not contended, and has failed to show, that the jury as finally constituted was
not an impartial jury. Therefore, we may disregard the error, if any, in granting the State's
challenge of Stanaland, because it has not been shown that sustaining the State's challenge
substantially affected appellant's rights. See Jones, 982 S.W.2d at 391-92; Tex. R. App. P.
44.2(b). Appellant's first point of error is overruled.

 In his second point of error, appellant urges that the trial court erred in failing to
administer an oath to the interpreter for a deaf witness. Appellant acknowledges that there was
no trial objection to the failure to swear the interpreter. The defendant in a criminal prosecution
for any noncapital offense may waive any rights secured him by law. See Tex. Code Crim. Proc.
Ann. art. 1.14(a) (West Supp. 1999). An interpreter, like any other witness, should be sworn
before being allowed to interpret testimony. See id. art. 38.31(e); Tex. R. Evid. 603, 604. 
However, the right to have any witness, including an interpreter, sworn is waived unless an
objection is made in the trial court. See Beck v. State, 719 S.W.2d 205, 211-14 (Tex. Crim. App.
1986); Lara v. State, 761 S.W.2d 481, 482 (Tex. App.--Eastland 1988, no pet.); Solis v. State,
647 S.W.2d 95, 98 (Tex. App.--San Antonio 1983, no pet.). Appellant's failure to make a timely
objection at trial waived the error now claimed; the matter was not preserved for appellate review. 
Appellant's second point of error is overruled.


 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices B. A. Smith, Yeakel and Dally*

Affirmed

Filed: November 12, 1999

Do Not Publish





















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



. 
Stanaland testified that she believed the theft charge against her had been "dropped," and that she
had not been convicted. The State offered proof of Stanaland's conviction. However, appellant
claims that the State's proof was inadmissible hearsay and that it was untimely offered after the
court's ruling. The trial court, over appellant's objection, sustained the State's challenge of
Stanaland.

 Both the federal and state constitutions provide that a defendant is entitled to be
tried by an "impartial jury." See U.S. Const. amend. VI; Tex. Const. art. I, § 10. "[T]he
erroneous excusing of a veniremember will call for reversal only if the record shows that the error
deprived the defendant of a lawfully constituted jury." Jones v. State, 982 S.W.2d 386, 394
(Tex. Crim. App. 1998). "It has long been the established rule in this state that even though the
challenge for cause was improperly sustained, no reversible error is presented unless appellant can
show he was denied a trial by a fair and impartial jury." Jones, 982 S.W.2d at 392 (quoting with
approval City of Hawkins v. E.B. Germany & Sons, 425 S.W.2d 23, 26 (Tex. Civ. App.--Tyler
1968, writ ref'd n.r.e.)). To obtain reversal of the judgment for erroneously sustaining a
challenge for cause, an appellant must show that "the jury, as finally constituted, was biased or
prejudiced; or that appellant was deprived of trial by an impartial jury." Jones, 982 S.W.2d at
391. Appellant has not contended, and has failed to show, that the jury as finally constituted was
not an impartial jury. Therefore, we may disregard the error, if any, in granting the State's
challenge of Stanaland, because it has not been shown that sustaining the State's challenge
substantially affected appellant's rights. See Jones, 982 S.W.2d at 391-92; Tex. R. App. P.
44.2(b). Appellant's first point of error is overruled.

 In his second point of error, appellant urges that the trial court erred in failing to
administer an oath to the interpreter for a deaf witness. Appellant acknowledges that there was
no trial objection to the failure to swear the interpreter. The defendant in a criminal prosecution
for any noncapital offense may waive any rights secured him by law. See Tex. Code Crim. Proc.
Ann. art. 1.14(a) (West Supp. 1999). An interpreter, like any other witness, should be sworn
before being allowed to interpret testimony. See id. art. 38.31(e); Tex. R. Evid. 603, 604. 
However, the right to have any witness, including an interpreter, sworn is waived unless an
objection is made in the trial court. See Beck v. State, 719 S.W.2d 205, 211-14 (Tex. Crim. App.
1986); Lara v. State, 761 S.W.2d 481, 482 (Tex. App.--Eastland 1988, no pet.); Solis v. State,
647 S.W.2d 95, 98 (Tex. App.--San Antonio 1983, no pet.). Appellant's failure to make a timely
objection at trial waived the error now claimed; the matter was not preserved for appellate review. 
Appellant's second point of error is overruled.


 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices B. A. Smith, Yeakel and Dally*

Affirmed

Filed: November 12, 1999

Do Not Publish