**Valente MORALES, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–335–CR.**

Court of Appeals of Texas, Corpus Christi.

Dec. 22, 1983.

---

Steven Valikonis, Brownsville, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of burglary of a habitation enhanced by one prior conviction. The trial court assessed punishment at sixteen years in the Texas Department of Corrections.

Appellant's first two grounds of error assert that the trial court erred in failing to instruct the jury that one of the state's witnesses was an accomplice as a matter of law. If the witness was an accomplice as a matter of law, appellant contends that the evidence is insufficient to sustain his con-

viction because it is not sufficiently corroborated.

The trial court did not charge the jury that Elizabeth Cerda was an accomplice. The trial court submitted it as a fact issue for the jury, in pertinent part:

"Now, if you believe from the evidence beyond a reasonable doubt that an offense was committed and you further believe from the evidence that the witness, Elizabeth Cerda, was an accomplice, or you have a reasonable doubt whether she was or not, as that term is defined in the foregoing instructions, then you cannot convict the defendant upon the testimony of the said Elizabeth Cerda unless you first believe that the testimony of the said Elizabeth Cerda is true and that it shows the defendant is guilty as charged in the indictment; and even then you cannot convict the defendant unless you further believe that there is other evidence in the case, outside of the evidence of the said Elizabeth Cerda tending to connect the Defendant with the commission of the offense charged in the indictment, and then from all the evidence you must believe beyond a reasonable doubt that the Defendant is guilty."

Cerda was indicted for the same offense as the appellant. Since Cerda was a co-indictee, it was error for the trial court to fail to instruct the jury that she was an accomplice as a matter of law. *Bentley v. State,* 520 S.W.2d 390, 394 (Tex.Cr.App.1975); *Hendricks v. State,* 508 S.W.2d 633 (Tex.Cr.App. 1974).

The test of whether this type of error requires reversal was set out in *Gonzales v. State,* 441 S.W.2d 539, 541–542 (Tex.Cr.App.1969) in which the court said:

"... [w]here the court submits to the jury the fact question of whether a certain State witness is an accomplice witness when the evidence was such as to justify a charge that such witness was an accomplice as a matter of law, and proper objection is reserved, the error does not require reversal unless the testimony of the witness is essential to the State's case (a) because, if the witness is in fact an

accomplice, there is no evidence to corroborate his testimony, or (b) because, without the testimony of the witness (whether he be an accomplice *or not*) there is insufficient evidence to support a conviction or (c) because it is the sole corroboration of the testimony of another accomplice witness."

In applying the law to the facts in this case, we note that six other witnesses testified in this case. Homer Rodriguez testified that in the early morning hours of January 31, 1983, he looked out his window, which was across the street from the apartment that was burglarized, and noticed a green and white car parked in front. Three people were inside the car. The person sitting on the passenger side got out, went upstairs and began hitting on the door of one of the apartments. Homer testified that the man sitting in the driver's seat got out and threw something to the man upstairs. He got back into the car and started riding around. The other man broke into the apartment. Homer's parents called the police. The green car parked where it had originally been.

Officer Robert Rodriguez testified that he saw appellant at the scene. Appellant told Rodriguez he was waiting for a friend, Robert Alape, who lived in Apt. 4 (the apartment that was burglarized). The apartment owner testified that no one named Robert Alape had ever lived there. The state introduced a blood-stained screwdriver into evidence through witness Rodriguez. Officer Ochoa, also at the scene, identified the appellant and alleged accomplices Pedro Puga and Elizabeth Cerda. Officer Torres, also at the scene, identified appellant as one of the individuals at the scene that evening. Appellant told Ochoa he was there waiting for a friend. Cynthia Hays, whose apartment was burglarized, testified that she gave no one permission to enter her apartment or take anything that day.

The state's witness, Elizabeth Cerda, the alleged accomplice, testified that she met Puga while she was looking for work. She said Puga told her he would take her to a friend who could give her a job in his house. She said that they were picked up in a car by appellant, and Puga told her that he and appellant were cousins. She testified that the appellant and Puga were looking for places with the lights out. According to Cerda, appellant told Puga they needed to steal because they needed money. They arrived at the apartment in question, and Puga went upstairs. According to her testimony, Puga told appellant he needed something to open the door, and appellant got out of the car and gave him a screwdriver that he had in the front of his car. She identified the screwdriver as the one previously admitted into evidence. After, she claimed, they drove around to give Puga "time to get into the place," for probably about ten minutes. Later, she testified appellant asked her to go see what was keeping Puga and at that point, she saw the police arrive. Her testimony was similar to Officer Ochoa, although she claims she did not run from the officers and had not been drinking.

■ In determining the sufficiency of corroborating testimony of an accomplice, each case must be considered on its own facts. *Etheredge v. State,* 542 S.W.2d 148, 150 (Tex.Cr.App.1976). Eliminating the testimony of Elizabeth Cerda, the Court must consider the testimony of the other witnesses and determine whether that testimony is sufficient to connect appellant with the commission of the crime in order for his conviction to stand. In order for the testimony of the other witnesses to be sufficient, there must be inculpatory evidence, that is, evidence of an incriminating character which tends to connect the appellant with the offense. *Edwards v. State,* 427 S.W.2d 629 (Tex.Cr.App.1968).

■ We hold that the testimony of all of the other witnesses is of a sufficiently incriminating nature that the submission to the jury of a fact question on whether Elizabeth Cerda was an accomplice, rendered the error in failing to submit to the jury that she was an accomplice at law, harmless. *See Gonzales v. State,* 441 S.W.2d at 591–592. The evidence is suffi-

cient to sustain the conviction. Appellant's first and second grounds of error are overruled.

 In appellant's third ground of error, he alleges that the trial court erred in failing to grant appellant's timely motion for mistrial because of prejudicial jury argument by the prosecution commenting upon the failure of the appellant to testify. Appellant claims that the state alluded to appellant's failure to refute the testimony of the state's accomplice witness by using the testimony of another accomplice and that because of this, the only reasonable inference the jury could make is that the defendant knew that any evidence he offered would be incriminating, and is, therefore, a comment by the state on defendant's failure to testify. The argument made by the prosecutor is as follows:

> "That reminds me of something. We have a very talented defense attorney here, Mr. Valikonis. And there is his client sitting there next to him. Who else was at the scene? Mr. Puga was at the scene. Why didn't Mr. Valikonis call Mr. Puga over here to testify to deny that his client was involved?
>
> MR. VALIKONIS: Your Honor, I would object to any reference to that. Mr. Puga is not on trial here, and who I call is a matter of my discretion.
>
> MR. HAYWOOD: That is a matter of his discretion because he knew what would happen.
>
> THE COURT: Well, that is just argument. The jury can consider it in that manner."

The objection made by appellant's counsel at trial was that the accomplice Puga is not on trial, and the attorney has the option to call witnesses at his discretion. Later, appellant made another objection that the argument is not a proper plea for law enforcement. His objections at trial do not comport with the ground of error he brings here on appeal, namely, that the argument was a comment on appellant's failure to testify. Therefore, nothing is presented for review. *Crocker v. State,* 573 S.W.2d 190 (Tex.Cr.App.1978). Appellant's third ground of error is overruled.

The judgment of the trial court is affirmed.