In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-04-486 CR


____________________



BILLY RAY GRANT, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 128th District Court


Orange County, Texas


Trial Cause No. A-040415-R






MEMORANDUM OPINION


 Billy Ray Grant appeals his conviction and twenty-year sentence for having
committed burglary of a habitation. The sole issue raised on appeal contends the trial
court erred in refusing Grant's request to instruct the jury that his wife was an accomplice
as a matter of law. We affirm the judgment.

 The jury charge in this case included the law pertinent to accomplice witnesses. 
The trial court instructed the jury on the corroboration required if it found appellant's wife,
Edith Elizabeth Grant ("Elizabeth"), to be an accomplice as a matter of fact. Appellant
contends the trial court should have instructed the jury that Elizabeth was an accomplice
as a matter of law because the evidence adduced at trial demonstrates that she participated
as a party to the offense. 

 Elizabeth testified for the State during the trial. She was not under indictment but
the State offered her transactional immunity in exchange for her testimony. She claimed
to be a passenger in the truck and testified she waited outside while appellant entered the
complainant's house and stole a chainsaw. She admitted she entered another house with
the appellant that same day and personally removed a drill. Appellant argues the two
offenses were part of the "same criminal enterprise" and contends Elizabeth's participation
in the burglary of the other house makes her a party to the offense at issue in this case. 
These were not random criminal acts; according to Elizabeth, appellant's niece provided
keys to both houses.

 In Paredes v. State, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004), the Court of
Criminal Appeals explained that "[a]n accomplice participates with a defendant before,
during, or after the commission of a crime and acts with the required culpable mental
state." "An accomplice as a matter of law is one who is susceptible to prosecution for the
offense with which the accused is charged or a lesser included offense." Id. "The trial
court is under no duty to instruct the jury unless there exists no doubt or the evidence
clearly shows that a witness is an accomplice witness as a matter of law." Id. "If the
evidence presented by the parties is conflicting and it is not clear whether the witness is
an accomplice, then the trial court must leave to the jury the question of whether the
inculpatory witness is an accomplice witness as a matter of fact under instructions defining
the term 'accomplice.'" Id.

 In this case, the prosecution granted Elizabeth immunity without her having been
formally charged with an offense. The two burglaries were not a single offense but were
two acts of criminal conduct. Although she admitted to actively participating in one
burglary, Elizabeth claimed to have merely waited outside in the truck while her husband
committed the burglary for which he was on trial. She was not asked if she was acting as
a lookout. Mere presence at the scene during the commission of the crime, or even
knowing about the crime and concealing it or failing to disclose it, does not make a witness
an accomplice as a matter of law. Blake v. State, 971 S.W.2d 451, 454 (Tex. Crim. App.
1998). Even though the evidence appears largely to preponderate in favor of the fact that
a particular witness is an accomplice, if there is any doubt as to whether the witness is an
accomplice the issue is appropriately submitted to the jury. Gonzales v. State, 441 S.W.2d
539, 541 (Tex. Crim. App. 1969), overruled in part on other grounds by Saunders v.
State, 817 S.W.2d 688, 689-90 (Tex. Crim. App. 1991). 

 In Gonzales, two witnesses admitted they took meat from calves stolen by the
appellant. Gonzales, 441 S.W.2d at 540. One witness denied being one of three men seen
with a calf and claimed he helped appellant bury the remains in the yard because they had
no other way to dispose of the carcasses. Id. at 540-42. The other witness claimed the
appellant told her he had purchased the livestock. Id. at 540. The Court held the trial
court correctly presented the fact issue to the jury. Id. at 541. In this case, Elizabeth 
denied having participated in the burglary at issue in the indictment. Although the jury
could have found her explanation to not be a credible one, her participation in the charged
offense was a fact issue. We hold the trial court did not err in submitting to the jury the
issue of whether Elizabeth was an accomplice in the crime for which appellant was on
trial. Because we find no error in the jury charge, we do not consider whether appellant
suffered some harm as a result of the refusal of his requested instruction. The sole issue
in this appeal is overruled and the judgment is affirmed.

 AFFIRMED.


 _____________________________

 STEVE McKEITHEN

 Chief Justice

Submitted on June 15, 2006

Opinion Delivered June 28, 2006

Do Not Publish 


Before McKeithen, C.J., Kreger and Horton, JJ.