Nghia Van TRAN a/k/a Nghia, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–91–00196–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 27, 1994.

Terrence Gaiser, Houston, for appellant.

John B. Holmes, Jr., Scott A. Durfee, Mike Anderson, Houston, for appellee.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

WILSON, Justice.

Appellant's motion for rehearing is granted. Our opinion of September 16, 1993 is withdrawn, and the following opinion is substituted.

A jury convicted appellant, Nghia Van Tran, of murder, and the trial court assessed his punishment at 65–years confinement. On appeal, appellant primarily challenges the trial judge's failure to submit an accomplice witness instruction in the jury charge. We reverse and remand.

The evidence viewed in the light most favorable to the verdict showed that on January 30, 1989, appellant and several other people ("appellant's group") entered a small Vietnamese sandwich shop, approximately 15 feet by 15 feet. Once inside, appellant started a fight with a customer named Dinh, who was accompanied by some other people ("complainant's group"). Shooting erupted, and two people were killed, Dinh and the complainant, Minh Van Nguyen.

The State presented the testimony of three eyewitnesses. Two of these witnesses were in the complainant's group, and the other witness was in appellant's group.

Phan, who was with the complainant's group, described the shop as having only two entrances. Phan stated appellant's group entered through both doors, and blocked the exits so that no one could leave. Appellant and his group "looked mad." Appellant hit Dinh with a glass, and then appellant and several members of his group began to beat Dinh. Phan saw Dinh pull a gun, and heard a shot. Phan, realizing he had been shot, passed out. He did not actually see anyone fire a gun. He later falsely told the police he did not know what happened at the shop. At trial, he said he lied to the police because he was "scared." Phan's testimony, standing alone, was not sufficient to convict appellant. However, Phan's testimony showed: 1) appellant was present, 2) appellant "looked mad," 3) appellant assaulted Dinh just before Minh Van Nguyen was killed, and 4) an unidentified person or persons blocked the doors.

Hua, also in the complainant's group,[1] testified appellant's group came into the shop through both entrances, blocking the exits. Hua saw appellant hit Dinh with a cup. When the shooting started, more than one

1. She also testified she was in the sandwich shop earlier in the day with another group of people. She testified that one of the persons in this group had been involved in a fight with appellant and several members of his group.

gun was used. She saw appellant firing a pistol at Dinh. She testified that everyone in appellant's group, including appellant, pulled guns and started shooting:

Q.: When you say they started pulling out guns and shooting, who was [sic] they?
A.: [Appellant], Tay, Tony Playboy, and those people that walked in.

Hua had earlier falsely told police she did not know who did the shooting. She attributed this to her fear. She also was impeached with her testimony in a prior trial of a different defendant, where she stated she did not know who had guns. Hua's testimony showed: 1) appellant was present, 2) appellant assaulted Dinh, 3) appellant possessed a gun and was repeatedly firing it, 4) appellant had been in a fight earlier that day with people at that shop, and 5) an unidentified person or persons blocked the doors.

The jury was instructed on the law of parties. Thus, appellant could be found guilty even though no evidence showed that he personally shot Minh. TEX.PENAL CODE ANN. §§ 7.01–.02 (Vernon 1989). It would be sufficient to show that appellant intentionally helped another commit the offense. *Id.* § 7.02(a)(2). The testimony of Phan and Hua, taken together and viewed in a light most favorable to the verdict, shows that appellant either shot Minh or intentionally helped other members of his group to do so.

Minh Van Nguyen, who has the same name as the victim in this case, was a member of appellant's group and a witness whose status as an accomplice is at issue. He testified that he was with appellant in the Saigon Cafe shortly before the shooting, when other people joined them. Some of these people were talking about having beaten someone up at the sandwich shop earlier in the day. Appellant wanted to go back and beat him up again. The others said they were going to go "back there and shoot them." Appellant said, "[L]et's come back and shoot the f . . . .r."

Minh said he went with appellant and the others, about eight or nine men, to the sandwich shop. On the way, there was some conversation about "covering the door." Minh said he knew at least three people in appellant's group, including appellant, had

guns. Minh said the plan was for no one to be able to get out of the shop. Minh said he went to the shop because "I don't have no choice because I didn't have a ride to go home."

Minh testified appellant's group entered the shop through separate doors. He went into the shop through the same door as appellant, but denied "guarding the door." When the person whom appellant hit (later identified as Dinh) went for a gun, appellant and a member of his group pulled guns and began shooting. Appellant fired about four or five times. Minh denied any personal involvement. Minh also testified he was shot in the left side, and appellant's group left him at the shop during their escape. He said he did not go to the hospital because it was too expensive.

Minh testified he knew he had been involved in a serious crime, but he "didn't do it." He did not go to the police, and he did not give a statement to them until the police located him almost a year later. He said the police told him he could be charged with a crime. However, Minh was not charged with any crime arising out of the shooting at the sandwich shop.

Appellant presents two points of error. He claims Minh's testimony raised a fact issue on whether Minh was an accomplice, and he claims: 1) the trial court erred in failing to instruct the jury on whether Minh was an accomplice (point one); and 2) the trial court erred by refusing appellant's requested jury charge on whether Minh was an accomplice (point two).

■ A conviction may not be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant to the offense. TEX.CODE CRIM.P.ANN. art. 38.14 (Vernon 1979). When the evidence clearly shows the witness is an accomplice as a matter of law, the trial court has a duty to so instruct the jury. *See Kunkle v. State,* 771 S.W.2d 435, 439 (Tex. Crim.App.1986), *cert. denied,* 492 U.S. 937, 110 S.Ct. 21, 106 L.Ed.2d 634 (1989); *Arney v. State,* 580 S.W.2d 836, 839 (Tex.Crim.App. [Panel Op.] 1979). If a question exists on whether a witness is an accomplice, it is

proper to submit that factual issue to the jury. *See Kunkle,* 771 S.W.2d 435, 439; *Arney,* 580 S.W.2d at 839.

At trial, appellant claimed the evidence raised a fact issue on whether Minh was an accomplice. *See generally Kunkle,* 771 S.W.2d at 438–41 (discussing when the evidence shows a witness to be an accomplice as a matter of law, and when the evidence raises a fact issue on whether a witness is an accomplice). He filed a written objection to the jury charge because it did not contain an issue on whether Minh was an accomplice. *See* TEX.CODE CRIM.P.ANN. art. 36.14 (Vernon Supp.1993). The trial court overruled appellant's objection.

### WAS MINH AN ACCOMPLICE?

Appellant claims Minh's testimony raised a fact issue on whether Minh was an accomplice. Appellant relies on *Marlo v. State,* 720 S.W.2d 496 (Tex.Crim.App.1986). The State, in effect, claims the trial court correctly refused the charge because there was no evidence that Minh participated by some affirmative act in the commission of the offense as required by *Kunkle,* 771 S.W.2d at 441. The State argues the evidence shows only that Minh's presence at the sandwich shop was as a passive observer, and the record does not indicate any affirmative act by Minh.

■ "An accomplice witness is someone who has participated with someone else before, during or after the commission of a crime." *Kunkle,* 771 S.W.2d at 439. "If the witness cannot be prosecuted for the offense with which the accused is charged, then the witness is not an accomplice witness *as a matter of law.*" *Id.* (emphasis added). The witness, to be found an accomplice, must have affirmatively acted in some way to indicate assistance in the commission of an offense. *Kunkle,* 771 S.W.2d at 440. Concealing or failing to disclose the commission of an offense will not make a witness an accomplice, nor will mere presence at the scene of a crime. *Kunkle,* 771 S.W.2d at 439; *Marlo,* 720 S.W.2d at 499. "[C]omplicity with an

accused in the commission of another offense does not make that witness' testimony that of an accomplice witness for the offense for which the accused is on trial if there is no showing of the witness' complicity in that offense." *Kunkle,* 771 S.W.2d at 439. Flight may also be considered in determining whether the evidence raises an issue on whether a witness is an accomplice. *Marlo,* 720 S.W.2d at 499.

The *Marlo* court also said that in determining whether a person was a participant in the offense, we may look to "actions which show an understanding and common design to do a certain act." *Marlo,* 720 S.W.2d at 499. Also, though presence of the witness at the crime and his failing to disclose it or actively concealing it standing alone would not establish the witness as an accomplice, these are circumstances which in combination with other facts may be sufficient to show the witness participated in the crime. *Id.*

■ In the case at hand, Minh testified about his understanding that appellant and others said they were going to shoot at least one person at the sandwich shop, and that he knew at least three people in appellant's group had guns. *Compare Marlo,* 720 S.W.2d at 499 (a common understanding existed among defendant and the two witnesses that *some* offense would be committed and that deadly force was contemplated).[2] Minh did not disclose to anyone what appellant and the others planned to do, nor did he decide not to go to the sandwich shop. Going into the sandwich shop may be evidence of an affirmative act in assisting in the commission of a crime by preventing the members of complainant's group from escaping. He also left the shop after the shooting; but did not go to the hospital though he was wounded. He did not give a statement to the police until they tracked him down about a year later.

Minh denies guarding the door and any involvement in the commission of the offense. However, this denial is not dispositive. *See Marlo,* 720 S.W.2d at 500 (a witness' testimo-

---

2. This is not a case where Minh went to the sandwich shop thinking appellant's group intended to commit one offense and then committed a different offense that surprised Minh, as was the situation in *Kunkle*. *See Kunkle,* 771 S.W.2d at 439.

ny of a lack of knowledge does not compel the conclusion that the witness is not an accomplice; a witness' assertion of a lack of knowledge may remove his testimony out of the realm of accomplice testimony as a matter of law, but the assertion is still a proper subject of jury evaluation for credibility). Minh had "every reason to shade [his] testimony to downplay [his] own involvement in the offense." *See id.* In addition, both Phan and Hua testified members of appellant's group blocked both exits. Under the circumstances of this case, we hold the evidence raised a fact issue on whether Minh was an accomplice, and the trial court erred in refusing appellant's requested charge and in overruling his objection to the charge given. *See Marlo,* 720 S.W.2d at 499–501.

## WAS THE FAILURE TO INCLUDE THE JURY INSTRUCTION HARMFUL ERROR?

 When preserved jury charge error affects rights guaranteed by the United States Constitution, we must apply the harmless error rule enunciated by the United States Supreme Court, which is the same standard set out in Tex.R.App.P. 81(b)(2). *Belyeu v. State,* 791 S.W.2d 66, 75 (Tex.Crim. App.1989). An accomplice evidence instruction is not required by the United States Constitution. It is required only by article 38.14. In that situation, the State law harmless error rule controls and the case must be reversed if the defendant suffered "some harm." *Belyeu,* 791 S.W.2d at 75. The defendant has the burden to show that he suffered some actual harm from the charging error. *Id.* If the defendant cannot do so, the error will not require reversal. *Id.*

 The purpose of the accomplice evidence rule is to assure that a jury does not consider accomplice evidence unless the jury finds *both* that the accomplice is telling the truth and that other evidence corroborates the accomplice. A proper charge would have told the jury to disregard Minh's testimony unless the jury believed it was corroborated. Here, the only corroborating evidence was the testimony of Phan and Hua, both of whom were impeached by prior inconsistent statements. The jury may have disbelieved Phan and Hua, but still convicted appellant based on Minh's testimony alone. That is exactly what the accomplice evidence rule is designed to prevent—the use of Minh's testimony without corroboration.

This error could be harmless if we could conclude that the jury did not use Minh's testimony to convict. Nothing in the record suggests that; rather, there is good reason to believe the jury did use Minh's testimony, given that the other eyewitnesses were impeached with prior inconsistent statements.

The error could also be harmless if we could conclude that the corroborating evidence was so strong that any reasonable jury would have found it to be true. We found such an error harmless for that reason in *Ashford v. State,* 833 S.W.2d 660, 665 (Tex. App.—Houston [1st Dist.] 1992, no pet.). The corroborating evidence there, however, was much stronger than it is here, and it was unimpeached. *Id.* We cannot conclude here, as we implicitly did in *Ashford,* that a properly instructed jury would have found Phan's and Hua's corroborating evidence to be true. The jury may have doubted their testimony because of their earlier false statements to the police. The State, in fact, does not contend the error was harmless, but only that there was no error in refusing the instruction because Minh was not an accomplice, a contention we have rejected.

 When a witness is an accomplice as a matter of law, and the jury is erroneously instructed to decide that issue as a question of fact, reversal is not always required. *Gonzales v. State,* 441 S.W.2d 539, 541–42 (Tex.Crim.App.1969). Reversal is required in that situation, however, if the witness's testimony is essential to the State's case because without it (whether he be an accomplice or not[3]) there is insufficient evidence to convict. *Id.* at 542. *Accord Harrell v. State,* 107 Tex.Crim. 8, 294 S.W. 597, 598 (1927) (reversing for such error). Here, the

---

**3.** The evidence was strong in showing that Minh was an accomplice. A properly instructed jury would very likely have found he was an accomplice, thus requiring corroboration of his testimony.

other evidence, if the jury believed it, was legally sufficient to convict, but the charging error was greater than in *Harrell* because this jury did not have even a partially correct instruction how to consider the accomplice evidence. It had no instruction at all.

"Legal sufficiency" is a minimal standard. The fact that their testimony was merely legally sufficient is no reason to believe that a rational jury would inevitably have found appellant guilty beyond a reasonable doubt based on Phan's and Hua's impeached testimony. We recognize that it is the defendant's burden to show he suffered some actual harm from the charging error. *Belyeu*, 791 S.W.2d at 75. Given the strength of the evidence showing that Minh was an accomplice, and the weakness of the corroborating evidence from Phan and Hua, we hold that appellant has met his burden.

Appellant's first and second points of error are sustained.

The judgment is reversed, and the cause is remanded.

COHEN, J., also participating.

SAM BASS, J., a member of the panel when this case was originally decided, has retired.