In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00062-CR
____________

ROBERT MAXWELL FENLON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 825756




O P I N I O N
          A jury convicted appellant of possession with intent to deliver a control
substance, namely cocaine, weighing between 4 and 200 grams, and it assessed
punishment at 30 years’ confinement and a $10,000 fine. We affirm.
Background
          On October 9, 1999, police stopped Michael Reeves in connection with a
traffic violation and subsequently found cocaine in his shoe. After questioning
Reeves, the police learned that Reeves had purchased the cocaine from Michelle
Hollopeter. Further questioning revealed that a person name Leo ran the drug selling
operation. Reeves described Leo as a white male, approximately 50-55 years old,
balding, a large belly, and weighing about 200 pounds. Reeves told the police that
he had made several previous purchases from Leo. Reeves also described, in detail,
the trailer where he purchased the cocaine and the safe where the cocaine was stored. 
Based on this information, Sergeant Innocencio obtained a search warrant for the
trailer. Pursuant to this warrant, police conducted a search of the trailer where
appellant resided and conducted business on October 10, 1999. 
          Upon entering the trailer, the sergeant saw appellant asleep in the bedroom
where the safe was located and saw a shotgun propped up against the safe. The
police removed appellant from the room. 
          Cocaine was found in the safe along with personal papers, such as a VISA
bankcard, checkbook, and a taxi driver’s license, in appellant’s name. Marijuana, a
crack pipe, and other drug paraphernalia were in plain view in the front room of
appellant’s trailer. Syringes were found on the ground outside the trailer. Appellant
was arrested. 
          In thirteen points of error, appellant argues the following: (1) the evidence was
insufficient to support the testimony of an alleged accomplice; (2) the evidence was
legally insufficient to support the finding that he had knowledge of and control over
the cocaine; (3) the trial court erred in denying his motion to dismiss based on the
denial of his right to a speedy trial; (4) the trial court erred in denying his motion to
suppress; (5) the trial court erred when it proceeded to trial based on an void
indictment; (6) the appellate court erred when it denied his motion to obtain
supplemental record; and (7) appellant was denied a fair trial considering the
cumulative effect of prosecutorial misconduct.
Legal Sufficiency
          In his second point of error, appellant challenges the legal sufficiency of the
evidence to support his conviction. Specifically, appellant challenges the finding that
he had knowledge of and control over the cocaine. We review the legal sufficiency
of the evidence by viewing the evidence in the light most favorable to the verdict to
determine whether a rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.
Ct. 2781 (1979); Taylor v. State, 10 S.W.3d 673, 685 (Tex. Crim. App. 2000). The
standard is the same for both direct and circumstantial evidence. Sutherlin v. State,
682 S.W.2d 546, 549 (Tex. Crim. App. 1984).
          Appellant was charged with possession with intent to deliver a controlled
substance, namely, cocaine. Tex. Health & Safety Code ann. § 481.112(a). 
Appellant bases his legal sufficiency challenge solely on the purported absence of
“affirmative links.” It is well established that drug possession need not be exclusive,
and that an individual can possess drugs jointly with others. Martin v. State, 753
S.W.2d 384, 387 (Tex. Crim. App. 1988). To convict of unlawful possession of a
controlled substance, the State must prove two elements: (1) that the accused
exercised care, custody, control, or management over the contraband; and (2) that the
accused knew the matter was contraband. Gilbert v. State, 874 S.W.2d 290, 297
(Tex. App.—Houston [1st Dist.] 1994, pet. ref’d); see also Tex. Penal Code §
1.97(39) (Vernon 1994). Mere presence in a location where drugs are possessed does
not constitute joint possession; rather, evidence of knowledge of the contraband and
control over the contraband must affirmatively link the accused to the contraband. 
Id.
          We have held that the following circumstances are evidence of affirmative
links: (1) presence when the search was executed, (2) contraband in plain view, (3)
proximity to and accessibility of the contraband, (4) accused under the influence of
contraband when arrested, (5) accused’s possession of other contraband when
arrested, (6) accused’s incriminating statements when arrested, (7) attempted flight,
(8) furtive gestures, (9) odor of the contraband, (11) accused’s right to possession of
the place where contraband was found, and (12) drugs found in an enclosed place. 
State v. Derrow, 981 S.W.2d 776, 778 (Tex. App.—Houston [1st Dist.] 1998, pet.
ref’d).
          In this case, the evidence supports a finding that appellant had multiple
affirmative links to the cocaine. First, appellant was present when the search was
executed. Appellant was asleep in bed when the police arrived to conduct the search. 
Second, marijuana and drug paraphernalia were found in plain view scattered
throughout the trailer, and used syringes were found under the porch. Third,
appellant was found asleep in the same room where the safe containing cocaine was
located. Fourth, appellant made furtive gestures when he saw the police: his first
reaction was to look at a loaded shotgun across the room. Fifth, appellant had a right
to possess the place where contraband was found. Appellant leased the property and
lived in the trailer where the drugs were found. Moreover, he knew the combination
to and kept his personal papers in the safe where the cocaine was found. Lastly, the
drugs were found in an enclosed place. 
          Appellant argues that there are innocent explanations that account for the
circumstances that establish affirmative links. However, the State is not required to
exclude every other reasonable hypothesis except appellant’s guilt. Geesa v. State,
820 S.W.2d 154, 155 (Tex. Crim. App. 1991), overruled on other grounds, Paulson
v. State, 28 S.W.3d 570 (Tex. Crim. App. 2000). Moreover, the evidence is not
insufficient merely because appellant offered a different explanation for the facts. 
Russell v. State, 665 S.W.2d 771, 776 (Tex. Crim. App. 1983); Sosa v. State, 845
S.W.2d 479, 483 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d). 
          Viewing this evidence in the light most favorable to the verdict, a rational jury
could have found, beyond a reasonable doubt, that appellant knowingly and
intentionally possessed the cocaine.
          We overrule appellant’s second point of error.
Accomplice Witness Testimony
          In his first point of error, appellant contends that the evidence is insufficient
to support his conviction because the State failed to corroborate the testimony of an
alleged accomplice witness. Accomplice witness testimony must be corroborated by
other evidence connecting the defendant with the offense before a conviction is
warranted. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 1979). The purpose of
this rule is to assure that the jury does not consider the accomplice witness’s
testimony unless it finds that the accomplice witness is telling the truth and that other
evidence corroborates the discredited witness’s testimony. Tran v. State, 870 S.W.2d
654, 658 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). 
          If the witness cannot be prosecuted for the offense with which the accused is
charged, then the witness is not an accomplice witness as a matter of law. Kunkle v.
State, 771 S.W.2d 435, 439 (Tex. Crim. App. 1986); Tran, 870 S.W.2d at 658. To
be found an accomplice, the witness must have affirmatively acted in some way to
indicate assistance in the commission of an offense. Kunkle, 771 S.W.2d at 440. 
Concealing or failing to disclose the commission of an offense will not make a
witness an accomplice, nor will mere presence at the scene of a crime. Id. at 439;
Marlo v. State, 720 S.W.2d 496, 499 (Tex. Crim. App. 1986). “[C]omplicity with an
accused in the commission of another offense does not make that witness’ testimony
that of an accomplice witness for the offense for which the accused is on trial if there
is no showing of the witness’ complicity in that offense.” Kunkle, 771 S.W.2d at 439.
          In reviewing whether the State properly corroborated Hollopeter’s testimony
under the accomplice witness rule, we must eliminate the accomplice testimony from
consideration and then examine the remaining portions of the record to see if there
is any evidence that tends to connect the accused with the commission of the crime. 
Solomon v. State, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001). “Tendency to
connect,” rather than rational sufficiency, is the standard: the corroborating evidence
need not be sufficient by itself to establish guilt, there simply needs to be “other”
evidence tending to connect the defendant to the offense. Id.
          Assuming, arguendo, that Hollopeter is an accomplice witness, there is
sufficient evidence that tends to connect appellant to the commission of the crime in
the remaining portions of the record. Appellant has controlled the premises searched
for at least two years; he monitored the premises with extensive surveillance
equipment; the safe was located in his bedroom; he had a crack pipe in his shirt
pocket; there was contraband in his trailer in plain view; and his personal papers were
found inside the safe where the cocaine was located. These circumstances are
sufficient to connect appellant with the cocaine.
          We overrule appellant’s first point of error.
Right to a Speedy Trial
          In his third and fourth points of error, appellant contends that he was denied
his right to a speedy trial. The applicable standard to determine whether appellant’s
constitutional right to a speedy trial has been violated is the balancing test articulated
in Barker v. Wingo, 407 U.S. 514, 92 S. Ct. 2182, (1972). Four factors must be
considered: the length of delay, the reason for the delay, the defendant’s assertion of
his right, and prejudice to the defendant. Id. at 530. No single Barker factor is a
“necessary or sufficient condition to the finding” of a speedy trial violation. Id. at
533. 
          The length of delay triggers whether analysis of the other Barker factors will
be conducted. Id. at 532. “Until there is some delay which is presumptively
prejudicial, there is no necessity for inquiry into the other Barker factors that go into
the balance.” Id.; State v. Munoz, 991 S.W.2d 818, 821 (Tex. Crim. App. 1999). 
There is no definite period of time that has been held to be a per se violation of a
defendant’s right to a speedy trial. Emery v. State, 881 S.W.2d 702, 708 (Tex. Crim.
App. 1994). The delay is measured from the time the defendant has been accused by
charge or arrest. Id.
          Courts generally hold that any delay of eight months or longer is presumptively
unreasonable and triggers the speedy trial analysis. Harris v. State, 827 S.W.2d 949
(Tex. Crim. App. 1992). Thirteen and one-half months passed between appellant’s
arrest and the commencement of his trial. Thus, we will analyze the other Baker
factors.
          The State has the burden to justify or explain the delay. Emery, 881 S.W.2d
at 708. In this case, the delay, for the most part, can be attributed to justifiable
excuses, such as the appointment of new counsel, a hearing on whether appellant
should be allowed to proceed pro se, agreed resets, and appellant’s motions for
discovery. 
          Appellant first alluded to his right to a speedy trial in a motion to suppress filed
on March 31, 2000, over six months after his arrest. Although appellant does not
specifically ask for a speedy trial, he does claim that he is being prejudiced by the
delay. On April 6, 2000, appellant filed a motion to dismiss for prosecutorial delay. 
The trial court did not make a ruling on this motion. On April 11, 2000, appellant
sent a letter to the trial court and noted the delay. However, on April 26, 2000
appellant asked for assistance of counsel. On May 4, 2000, appellant agreed to have
the case reset. The record reflects that the defense agreed to all of the resets covering
the delay between June 9, 2000, and November 27, 2000. 
          The motion for assistance of counsel and agreed reset undercuts appellant’s
claim that he wanted to go to trial immediately. Moreover, appellant’s motivation in
asking for a dismissal rather than a prompt trial may attenuate the strength of the
claim. Phillips v. State, 650 S.W.2d 396, 401 (Tex. Crim. App. 1983).
          Finally, appellant does not present a compelling case that he was prejudiced by
the delay. Prejudice is to be considered in light of the interests that the right to a
speedy trial was designed to protect. Emery, 881 S.W.2d at 709. These interests
include prevention of extended pretrial incarceration, minimization of anxiety over
pending charges, and the prevention of actual prejudice to the defendant’s ability to
present a defense. Id. The defendant has the initial burden to make a showing of
prejudice. Id.
          In this case, appellant contends that he experienced extreme anxiety because
of the delay and that an important material witness was not available for trial. 
Appellant argues that his anxiety contributed to his weight loss and unhealthy
appearance. However, there is nothing in the record to indicate a connection between
appellant’s incarceration and his subsequent weight loss and appearance.
          To claim prejudice because of a missing witness, appellant must have shown 
that (1) the witnesses were unavailable at the time of trial, (2) their testimony would
have been relevant and material, and (3) he exercised due diligence in an attempt to
locate the witnesses. Clarke v. State, 928 S.W.2d 709, 716 (Tex. App.—Fort Worth
1996, pet. ref’d). There is nothing in the record showing that appellant made a prima
facie showing of all three elements. 
          Therefore, we overrule appellants third and fourth points of error.
Motion to Suppress
          In his fifth, sixth, seventh, eighth, ninth, and tenth points of error, appellant
challenges the denial of his motion to suppress. Specifically, appellant argues that
the evidence should have been suppressed for any of the following reasons: (1) the
affidavit for the search warrant was insufficient to establish probable cause for the
issuance of the search warrant; (2) the affiant made false and misleading statements
in the search warrant; (3) the search warrant, or the affidavit upon which it was based,
did not describe with particularity the property to be searched; (4) the officers
conducted an illegal search when they exceeded the authority of the warrant; (5) the
search warrant, or the affidavit upon which it was based, did not describe with
particularity the things to be searched; and (6) there was no probable cause to arrest
appellant at the time he was arrested, and thus, the evidence seized thereafter was
tainted. 
          If an adverse ruling on a motion to suppress has been obtained, and, during
trial, the defendant affirmatively asserts he has “no objection” to the admission of the
complained of evidence, then he waives any error in the admission of the evidence
despite the pre-trial ruling. Dean v. State, 749 S.W.2d 80, 82-83 (Tex. Crim. App.
1988) (en banc). 
          In this case, the trial court denied appellant’s motion to suppress the cocaine
found in the safe. During the trial, the State moved to introduce the cocaine into
evidence. At that time, defense counsel stated on the record that he had “no
objection.” The trial court then admitted the evidence. See id.
          Therefore, these issues have not been preserved for appellate review.
          We overrule appellant’s fifth, sixth, seventh, eighth, ninth, and tenth points of
error. 
Examining Trial
          In his eleventh point of error, appellant contends that the indictment is void
because he was not advised of his right to an examining trial. The Texas Court of
Criminal Appeals has held that the failure to grant an examining trial prior to the
return of an indictment does not affect the validity of the indictment. Rogers v. State,
486 S.W.2d 786, 787 (Tex. Crim. App. 1972). Moreover, the return of an indictment
terminates the right to an examining trial and establishes probable cause as a matter
of law. Id.
          The indictment in this case was returned, charging appellant with possession
with intent to deliver. Thus, even if appellant was not advised of his right to an
examining trial, the validity of the indictment is not affected. 
          We overrule appellant’s eleventh point of error.
Denial of Supplemental Record
          In his twelfth point of error, appellant contends that this Court erred when it 
denied his motion to obtain a supplemental record. Appellant contends that the
record has been altered and that it contains many errors. Rule 34.6(e)(3) of the Texas
Rules of Appellate Procedure provides, in relevant part, that the appellate court may
submit a dispute regarding the reporter’s record to the trial court for resolution. Tex.
R. App. P. 34.6(e)(3) (emphasis added). When appellant correctly articulated a
specific problem with the record, this Court granted his motion. His other motions
were without merit.
          We overrule appellant’s twelth point of error.
Prosecutorial and Judicial Misconduct
          In his thirteenth point of error, appellant makes allegations of prosecutorial and
judicial misconduct. Specifically, appellant argues that the State engaged in
misconduct when it attempted to impeach him with an assault charge of which he was
not convicted, attempted to impeach him with post-arrest silence, elicited improper
testimony from Hollopeter, used fabricated evidence, and made improper arguments
in closing argument. Appellant contends that the trial court engaged in judicial
misconduct when it appointed ineffective counsel to represent him. 
          During cross-examination, the State attempted to impeach appellant with a
prior assault conviction. Appellant’s counsel objected because appellant had been
found not guilty of that offense. The trial court sustained the objection, instructed the
jury to disregard the statement, and overruled appellant’s motion for a mistrial. The 
record reflects that, prior to this line of questioning, both sides approached the bench
and discussed the State’s use of appellant’s assault conviction. The defense counsel
did not object to this line of questioning at that time. 
          The State concedes that the question was improper, but contends that the trial
court did not err in denying the appellant's motion for mistrial because any harm was
cured. Ordinarily, a prompt instruction to disregard will cure error associated with
an improper question and answer, even one regarding extraneous offenses. Ovalle
v. State, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000). In the present case,
immediately after the State asked about the conviction, appellant stated that it was
“untrue,” and the defense attorney objected. The discussions that followed were at
the bench or occurred after the jury had been excused. When the jury returned, the
trial court promptly instructed the jury to disregard the State’s question and told the
jury that appellant had not been convicted or punished in any way for an assault.
          Appellant contends that the State tried to impeach him with his post-arrest
silence. Because appellant did not object to this line of questioning, he has waived
error, if any. Tex. R. App. P. 33.1(a); Rhodes v. State, 934 S.W.2d 113, 119-20 (Tex.
Crim. App. 1996).
          Appellant also contends that portions of Hollopeter’s testimony were irrelevant
and an improper use of character evidence. Hollopeter testified that appellant’s
property was called “the compound,” there was a lot of prostitution, the environment
was cult-like, and appellant walked around the house naked. Appellant objected, and
the trial court ruled that the line of questioning had gone far enough. 
          To preserve error for appellate review, there must have been a timely objection
specifically stating the legal basis for that objection. Tex. R. App. P. 33.1(a); Rhodes,
934 S.W.2d at 119-20. To preserve error, the objecting party must pursue the
objection to an adverse ruling unless the court refuses to rule. Tucker v. State, 900
S.W.2d 261, 262 (Tex. Crim. App. 1999). 
          Here, although appellant objected on the grounds that the testimony was
irrelevant and was an improper use of character evidence, appellant did not obtain an
adverse ruling. The court merely stated that he thought the prostitution testimony had
gone far enough. Any error is waived.
          Appellant also contends that the State fabricated evidence. Appellant argues
that the photographs of his property admitted into evidence were taken months after
his arrest. He also argues that photos of syringes found on his property were highly
prejudicial. The three photos were admitted into evidence without objection. 
Because appellant did not object to the admission of the photos, he has waived error,
if any. Tex. R. App. P. 33.1(a); Rhodes, 934 S.W.2d at 119-20.
          Appellant contends that the State committed misconduct by making an
improper jury argument in its closing statement. Appellant points to specific
arguments made by the State that he alleges show prosecutorial misconduct. 
However, appellant did not object to any of the arguments he now alleges constitute
misconduct. Appellant has waived any error by failing to object.Appellant contends that the trial court committed judicial misconduct because
it appointed incompetent counsel. Appellant argues that there are several factors that
support his allegation that his counsel was incompetent. 
          We apply the usual standard of review for claims of ineffective assistance of
counsel. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064
(1984). When the record is silent, an appellate court may not speculate about why
counsel acted as he did. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994); Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no
pet.). Without testimony from trial counsel, the court must presume counsel had a
plausible reason for his actions. Gibbs v. State, 7 S.W.3d 175, (Tex. App.—Houston
[1st Dist.] 1999, pet. ref’d). 
              Although appellant filed a motion for new trial, he did not obtain a hearing on
his motion. There is no evidence in the record to indicate why counsel engaged in the
conduct of which appellant now complains. Accordingly, appellant has not overcome
the strong presumption that his trial counsel acted within the range of reasonable
professional assistance. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; see Gamble,
916 S.W.2d at 93.
          Therefore, we overrule appellant’s thirteenth point of error.
Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Adele Hedges
                                                                        Justice


Panel consists of Justices Hedges, Keyes, and Duggan.



Do not publish. Tex. R. App. P. 47.4