IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00363-CR

 

Martin Douglas Lankford,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2006-440-C

 



O p i n i o n



                       
 

Martin Lankford was charged by indictment with criminal
solicitation of a minor.  The jury returned a guilty verdict and assessed ten
years probation and a $10,000 fine.  In four issues, Lankford challenges the
legal and factual sufficiency of the evidence, the jury charge, and the trial
court’s refusal to unseal the juvenile victim’s records.  We will affirm.




Background

On December 13, 2005, C.B. was walking home from
school on a cold, rainy day. Lankford saw C.B. walking in the rain and offered
him a ride home.  When he first got in the car, Lankford greeted him with a
handshake that C.B. claims tickled the palm of his hand.  Lankford then asked
him whether he knew what the “secret” handshake meant, and C.B. responded he
did not.  C.B. claims that although Lankford asked him if it would be okay if
he explained to him what the handshake meant, Lankford never explained the
handshake’s meaning, but when he parked in front of C.B.’s house, Lankford
looked at him and asked if C.B. could “suck my cock.”

When C.B. went inside his house, he loaded a .22
rifle, called his stepfather, and asked him to come home immediately.  C.B.’s
stepfather called the police, and Officer Masiongale came to take C.B.’s statement.  At that time, C.B.
was too upset to write his statement, so he asked his stepfather to write it
for him.  A “be on the lookout” warning was put out, and Lankford was
eventually detained by police and brought in for questioning.

Upon questioning, Lankford admitted to picking up
C.B. and giving him a ride home but denied that anything sexual was discussed. 
He mentioned that he thought C.B. was between the ages of sixteen and nineteen
and referred to shaking hands with him several times.  Throughout the interview,
the police officers made several references to male genitalia, but only Lankford
used the word “cock” in a descriptive manner.  Before the interview was over,
Lankford asked the officers what would happen if he admitted to committing the
crime.  The police later obtained a warrant and arrested Lankford.








Sufficiency of the Evidence 

Lankford’s second and fourth issues challenge the
legal and factual sufficiency of the evidence supporting his conviction because
he contends that C.B.'s testimony was not corroborated, as required by Texas
Penal Code section 15.031(c).[1] Lankford
argues that the only evidence adduced at trial to show that he solicited C.B. was
C.B.'s testimony.  He contends that this evidence was not corroborated by any
other evidence, and therefore the evidence was legally insufficient to support
his conviction for solicitation of a minor.[2]

Corroboration
Required 

As applicable to this case, a
person commits the offense of solicitation of a minor if, with intent that a
sexual assault be committed, the person by any means requests, commands, or
attempts to induce a minor or another whom the person believes to be a minor to
engage in specific conduct that, under the circumstances surrounding the
actor's conduct as the actor believes them to be, would constitute a sexual
assault.  Tex. Pen. Code Ann. §§
15.031(b), 22.011 (Vernon 2005).  However, a person may not be convicted of
solicitation of a minor on the uncorroborated testimony of the minor allegedly
solicited "unless the solicitation is made under circumstances strongly
corroborative of both the solicitation itself and the actor's intent that the
minor act on the solicitation."  Tex.
Pen. Code Ann. § 15.031(c).

The corroboration required
under the criminal solicitation statute is analogous to the corroboration
requirement found in the accomplice-witness statute.  Compare id.
§ 15.031(c), with Tex. Code Crim. Proc.
Ann. art. 38.14 (Vernon
2005); see Richardson v. State, 700 S.W.2d 591, 594 (Tex.
Crim. App. 1985).  Due to the similarities between these two statutes, the test
for evaluating the sufficiency of the corroboration evidence is the same under
each.  Richardson, 700 S.W.2d at 594.  In assessing the sufficiency of
the evidence corroborating the victim's testimony, the test requires that we
eliminate the minor victim's testimony from consideration and then determine whether
there is other incriminating evidence tending to connect the accused with the
crime.  Id.  It is not necessary that the corroboration evidence
directly link the accused with the crime or that it be sufficient in itself to
establish guilt.  Id.

Legal
Sufficiency

When reviewing a challenge to the legal
sufficiency of the evidence to establish the elements of a penal offense, we
must determine whether, after viewing all the evidence in the light most
favorable to the verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560
(1979).  Our duty is to determine if the finding of the trier of fact is
rational by viewing all of the evidence admitted at trial in the light most
favorable to the verdict.  Adelman v. State, 828 S.W.2d 418, 422 (Tex.
Crim. App. 1992).  In doing so, any inconsistencies in the evidence are
resolved in favor of the verdict.  Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

The State contends that the record contains
testimony from multiple witnesses, including Lankford, which a reasonable jury
could have found corroborated the solicitation itself.  Eliminating C.B.'s testimony from consideration,
we conclude that the evidence strongly corroborated the solicitation itself and
Lankford’s intent.  It is undisputed that C.B. was picked up and driven home by
Lankford.  C.B.’s stepfather testified that C.B. called him just after he was
dropped off and that C.B. was frantic and wanted him home immediately.  When
his stepfather arrived, C.B. was standing at the back door with a .22 rifle in
his hands.  He also testified that C.B. was visibly shaking and stuttering as
he spoke.  Officer Masiongale also testified that C.B. was upset and nervous
when he arrived to take his statement—so nervous that C.B. wanted his stepfather
to write it for him.  When C.B. made his statement, he used the same
terminology later used by Lankford to describe the act of oral sex.

The testimony of Officer Masiongale, C.B’s
stepfather, and the matching male genitalia description used by both C.B. and Lankford, tends
to connect Lankford to the crime.  Based on the evidence, any rational trier of
fact could have found beyond a reasonable doubt that Lankford solicited C.B.  Jackson,
443 U.S. at 318.  We thus overrule Lankford’s second issue.




Factual
Sufficiency 

In a factual sufficiency review, we ask whether a
neutral review of all the evidence, though legally sufficient, demonstrates
either that the proof of guilt is so weak or that conflicting evidence is so
strong as to render the factfinder’s verdict clearly wrong and manifestly
unjust.  Watson v. State, 204 S.W.3d. 404, 414-15 (Tex. Crim. App.
2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  “The
court reviews the evidence weighed by the jury that tends to prove the
existence of the elemental fact in dispute and compares it with the evidence
that tends to disprove that fact.”  Johnson, 23 S.W.3d at 7 (quoting Jones
v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996)).  The appellate court
“does not indulge in inferences or confine its view to evidence favoring one
side of the case.  Rather, it looks at all the evidence on both sides and then
makes a predominantly intuitive judgment. . . .”  Id. (quoting William
Powers and Jack Ratliff, Another Look at “No Evidence” and “Insufficient
Evidence,” 69 Texas L. Rev. 515, 519 (1991)).  The nature
of a factual sufficiency review authorizes an appellate court, although to a
very limited degree, to act as the so-called “thirteenth juror” to review the
factfinder’s weighing of the evidence and disagree with the factfinder’s
determination.  Watson, 204 S.W.3d at 416-17.

Lankford contends that the evidence was factually
insufficient because this case was essentially a “swearing match” between him
and C.B., and when the jury is presented with a “swearing match,” the testimony
of one party is ordinarily insufficient to sustain the burden.  See Fuentez
v. State, 196 S.W.3d 839, 846-47 (Tex. App.—Eastland 2006, no pet.)
(holding that a defendant’s testimony alone was insufficient to establish a
factual sufficiency challenge).  He further claims that the evidence
established that he is a twenty-year military veteran who participated in
community service and was gainfully employed.  He contends that this character
evidence should be weighed against C.B.’s character, which established that he
was a high school student who had been removed from school for a juvenile
marijuana conviction.  Additionally Lankford argues that C.B. failed to testify
that he was currently serving felony probation for third-degree drug possession
and did not initially report, when being interviewed after the incident, that
Lankford had shared a “secret” handshake.

The State counters that Lankford’s same character witnesses
testified that it was “weird for a complete stranger to offer a child a ride”
and that despite their belief in Lankford’s innocence, they would not let their
children ride with him, if he were convicted.  The State also argues that the
word “cock” was used exclusively by both Lankford and C.B. without any
prompting by police.

We must defer to the jury as the finder of fact.  See
Johnson, 23 S.W.3d at 7.  Here, the jury was permitted to draw reasonable
inferences and deductions from C.B.'s character and failure to initially report
the handshake.  As we noted earlier, there was sufficient corroborating
evidence to support C.B.’s testimony that Lankford solicited him.  Combining
that with the statements made by Lankford using the identical terminology used
by C.B., we conclude that the evidence was factually sufficient to support Lankford’s
conviction for criminal solicitation of a minor.  We overrule Lankford's fourth
issue.




Juvenile Records 

In his first issue, Lankford contends that it was
error for the trial court to refuse to disclose the juvenile records of C.B. 
However, the records that Lankford moved to have unsealed were disclosed to all
parties during the trial.  Moreover, numerous references were made to C.B.’s
criminal history throughout the trial.  There is thus no adverse ruling for
this Court to review.[3]  We
overrule Lankford’s first issue.

Application Paragraph 

In his third issue, Lankford claims that the trial
court erred by not including the law on corroboration in the application
paragraph.[4]  In
the abstract portion of the charge the trial judge instructed the jury as
follows:

You are further instructed that a person may not
be convicted under this section on the uncorroborated testimony of the minor
allegedly solicited unless the solicitation is made under circumstances
strongly corroborative of both the solicitation itself and the actor’s intent
that the minor act on the solicitation

 You may, however, convict on the uncorroborated
testimony of the minor solicited if you find that the solicitation is made
under circumstances strongly corroborative of both the solicitation itself and
the actor’s intent that the minor act on the solicitation. 

 

However,
the application paragraph of the charge provided: 

 

Now if you find from the evidence beyond a
reasonable doubt that on or about the 13th day of December, 2005, in McLennan
County, Texas, the defendant, Martin Douglas Lankford, did then and there, with
the intent that sexual assault be committed, request, command, or attempt to
induce [C.B.], that under the circumstances surrounding the conduct of the
defendant, as the defendant believed them to be, would have constituted sexual
assault, then you will find the defendant guilty of the offense of Criminal
Solicitation of a Minor, as alleged in the indictment.  

Unless you so find from the evidence beyond a
reasonable doubt, or if you have a reasonable doubt thereof, you will acquit
the defendant of the offense charged and say by your verdict “not guilty.” 

 

Lankford objected at trial, in part, that the
application paragraph of the jury charge should have included the following: 

the fact that—under circumstances—would have—and
there were at the time circumstances to said solicitation which were strongly
corroborative of both the solicitation itself and the defendant’s intent that
C.B. act on such solicitation.

 

He essentially argued that the application
paragraph should have stated that a defendant cannot be convicted on the
testimony of the alleged victim.  The State responded that Lankford had misread
the statute and a defendant can be convicted on the testimony of the alleged
victim, when corroborating circumstances are present; therefore, an instruction
on corroboration was unnecessary in the application paragraph.

In Almanza v. State, the Court of Criminal
Appeals prescribed the manner in which jury charge error is reviewed on
appeal.  Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)
(opinion on reh'g).  First, we must determine whether error exists in the jury
charge.  Hutch v. State, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). 
Second, we must determine whether the error caused sufficient harm to require
reversal.  Id. at 170-71.  The degree of harm required for reversal
depends on whether the complaint was preserved.  Id. at 171.  A
complaint properly preserved by an objection to the charge will require
reversal "as long as the error is not harmless."  Id. (citing Almanza,
686 S.W.2d at 171).

Several cases have indicated that the better
practice is for the trial court to submit an instruction on corroboration in
the application paragraph.[5]  See,
e.g., Bell v. State, 768 S.W.2d 790, 799 (Tex. App.—Houston [14th Dist.]
1989, pet. ref’d); State v. Sheffield, No. 17,615 (124th Dist. Ct., Gregg County, Tex. Apr. 19, 1990), aff’d, 847 S.W.2d 251, 257 (Tex. App.—Tyler 1992, pet.
ref’d).

For example, in Sheffield the application
paragraph asked:

Therefore, even if you believe from the evidence
beyond a reasonable doubt that the defendant, Ben Sheffield, committed the
offense as alleged, you may not convict him, unless you further believe from
the evidence from the foregoing court’s instructions that the testimony of T.M.
is corroborated by evidence other than that given by the said T.M. and that the
solicitation was made under the circumstances strongly corroborative of both
the solicitation itself and the defendant’s intent that the said T.M. act on
the solicitation, but if you do not so believe, or if you have a reasonable
doubt thereof, you will find the defendant not guilty.  

 

Sheffield, 847
S.W.2d at 257.

  

We assume without deciding that it was error to
omit corroboration from the application paragraph.  However, we conclude there
was no harm.

Because Lankford preserved his complaint regarding
the charge, we review the error to ascertain whether Lankford suffered
"some" actual harm.  Almanza, 686 S.W.2d at 171.  That is,
some harm occurred if the error is "calculated to injure the rights of the
defendant."  Id.  "The actual degree of harm must be assayed
in light of the entire jury charge, the state of the evidence, including the
contested issues and weight of probative evidence, the argument of counsel, and
any other relevant information revealed by the record of the trial as a
whole."  Id.

The court instructed the jury generally about the
corroboration requirement.  We have addressed the sufficiency of the evidence
corroborating C.B.’s testimony by excluding his testimony from consideration
and, examining the remaining testimony, held that there was sufficient
incriminating evidence tending to connect Lankford to the commission of the
crime.  Because we held that the remaining evidence sufficiently corroborated
C.B.’s testimony, Lankford has not suffered some actual harm.  Almanza,
686 S.W.2d at 171.  Moreover, when the corroborating evidence is strong enough
that any reasonable jury would find it to be true, as is the circumstance in
this case, the alleged error is harmless.  Tran v. State, 870 S.W.2d. 654,
658 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).  Therefore, we hold that
the jury charge, if erroneous because it failed to instruct the jury in the
application paragraph that corroborating circumstances must be present to
convict Lankford, was harmless.  Id.  We overrule Lankford’s second
issue.

Conclusion 

Having overruled Lankford’s four issues, we affirm
the trial court's judgment.

    

BILL VANCE

Justice

 

 

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

            (Chief
Justice Gray concurs with a note as follows:  Assuming without deciding that
issue three was preserved and likewise that there was charge error, I find,
beyond a reasonable doubt, that the alleged error was harmless.  With these
comments I join only the judgment which affirms Lankford’s conviction.)

Affirmed 

Opinion delivered and
filed March 26, 2008

Publish

[CR25]







[1]  Section 15.031(c) provides in pertinent part:(c)     A person may not be convicted under this section on the uncorroborated testimony of the minor allegedly solicited unless the solicitation is made under circumstances strongly corroborative of both the solicitation itself and the actor's intent that the minor act on the solicitation.Tex. Pen. Code Ann. § 15.031(c) (Vernon 2005).

 





[2] In assessing the sufficiency of
the evidence, we employ a hypothetically correct jury charge.  Malik v.
State, 953 S.W.2d 239, 240 (Tex. Crim. App. 1997).

 





[3]  The trial court’s decision to disclose C.B.’s
records to Lankford came after evidence that C.B. was on juvenile probation was
presented through direct examination.

 





[4]
Lankford proposed a special instruction in
this regard, but it is not in the record.





[5] For jury charge instructions on corroboration generally,
see Elizabeth Berry, George
Gallagher & Paul McClung, 1 Texas Criminal Jury Charges § 3.120-3.380
(2007).